UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*filed in*
*Open Court*
*9-8-04*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| NOEL HERNANDEZ ) | Mag. No. 04-000858-003  *MBB* |
| ) | |
| ) | |
| _____ ) | |

## DEFENDANT MEMORANDUM OF LAW IN SUPPORT OF RELEASE PENDING TRIAL

Pursuant to 18 U.S.C. §3142 (c), in determining the issue of bail, a judicial officer may only impose conditions which reasonably assure the appearance of a defendant. *Id.* Because there is a statutory presumption favoring release of the defendant on his or her own personal recognizance or upon the execution of an unsecured appearance bond, the Government must prove, by a preponderance of the evidence, that the defendant presents a risk of flight. *See* 18 U.S.C. §3142(b); *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988) (stating government's burden of proof in risk of flight cases is preponderance of the evidence standard); *United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir. 1986) (Bail Reform Act recognizes "traditional presumption favoring pretrial release" for most defendants); *see also United States v. Orta*, 760 F.2d 887, 891 n.20 (8th Cir. 1985) (finding Bail Reform Act's silence as to appropriate evidentiary standard in risk of flight cases indicates preponderance of the evidence standard).  Although the Defendant has

1

been charged with a crime enumerated in 18 U.S.C. §3142(f)(1), the presumption that she is a flight risk does not arise or has been sufficiently rebutted and, therefore, the Government must prove that the Defendant does pose a risk of flight. *See Friedman*, 837 F.2d at 49.

The Government has not met its burden of proving that the Defendant poses a flight risk based upon additional facts that were brought to the Magistrate's attention at the bail hearing. *See* 18 U.S.C. §3142(g). Specifically, the Defendant has no prior criminal record and no history of drug or alcohol abuse. He has strong family ties to this area in the form of three minor children. *Cf. Berrios-Berrios*, 791 F.2d at 251 (citing cases where "courts have set bail for [defendants] despite their propensity to flee"); *United States v. Khashoggi*, 717 F. Supp. 1048, 1051–52 (S.D.N.Y. 1989) (holding wealthy foreign businessman with few ties to United States did not pose risk of flight). Although the Defendant is charged with a serious crime, there is no reasonable possibility that he faces a lengthy sentence. These factors alone, however, do not support the Government's contention that he poses a risk of flight. *See Friedman*, 837 F.2d at 50 (refusing to find that seriousness of crime and length of potential sentence alone support risk of flight).

As a result, the most severe penalty the Defendant faces if convicted is deportation. See *United States v. Townsend,* 897 F. 2d 989, 994 (9th Cir. 1990) (Defendant's alien status may be taken into account, but does not tip the scale in favor of or against detention).

2

More importantly, the Government will have a difficult time at trial defeating a motion pursuant to Fed. R. Crim. P. Rule 29 based upon the evidence presented to the Magistrate. The Government has conceded that the evidence against the Defendant is circumstantial. The United States Court of Appeals for the First Circuit has held that on a challenge to sufficiency of evidence, if the evidence gives "equal or nearly equal" circumstantial support to the theory of guilt and the theory of innocence of the crime charged, the defendant must be found not guilty. *United States v. Andujar,* 49 F. 3d 16, 20 (1st Cir. 1995). In *Andujar,* as in the instant case, the evidence against the defendant consisted entirely of his presence at certain activities occurring during the course of an alleged drug conspiracy. *Id.* at 21. The Court concluded that the defendant's "mere presence" during the alleged drug conspiracy was insufficient to sustain a guilty verdict and reversed the defendant's conviction. *Id.* at 21-22.

In the instant case, the evidence is even less compelling than in *Andujar* because there is only one alleged transaction at which the Defendant was present. Additionally, and unlike the defendant in *Andujar,* this Defendant did not arrange any meetings between the conspirators or provide a location where meetings took place. *Id.* Accordingly, the Government will not be able to obtain a conviction of the Defendant on the instant charges. *Id.*

The Magistrate was prohibited from imposing an excessive bail resulting in the Defendant's pre-trial detention. *See* 18 U.S.C. §3142(c)(2); *see also United States v.*

3

*Badalamenti*, 810 F.2d 17, 18 (2nd Cir. 1987) (remanding to determine compliance with 18 U.S.C. §3142(c)). Detaining the Defendant requires that the Court issue written findings of fact as to its reasons for the detention and/or an explanation as to why a lesser bail amount will not guarantee the Defendant's presence at trial. *See* 18 U.S.C. §3142(i). The Bail Reform Act of 1984 does not permit the sub rosa use of money bond to detain defendants. *See United States v. Mantecon-Zayas*, 949 F.2d 548, 551 (1st Cir. 1991). The Magistrate failed to explain why the Defendant's presence for trial could not be guaranteed by strict conditions of release.

The Defendant has no financial means with which to post a significant bail. Therefore, any bail order exceeding $5,000.00 will subject him to pre-trial detention solely on the basis of her lack of financial means in contravention of 18 U.S.C. §3142(c). Even if the Defendant did, in fact, have the financial resources available, this would not be dispositive. The Southern District of New York in *United States v. Khashoggi*, supra, 717 F. Supp. at 1051–52, held that a wealthy Saudi Arabian businessman, despite having staggering amounts of cash at his disposal, did not pose a risk of flight. Therefore, a defendant's wealth should not dictate findings with respect to the risk of flight he presents. *Id.; see also Badalamenti*, 810 F.2d at 18 (remanding to determine amount of bail defendant could post).

## CONCLUSION

Based on the foregoing arguments and authorities, the Defendant respectfully

4

urges that this Honorable Court revoke or amend the Order of Detention entered in this case against the Defendant on April 16, 2001, and to allow the Defendant to be released subject to the preceeding terms and conditions and such additional conditions as this Court deems just and appropriate.

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO#556377
PARTRIDGE, ANKNER & HORSTMANN
200 Berkeley Street, 16th Floor
Boston, MA 02116
(617) 723-1980

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, hereby certify that on this 8th day of September, 2004, a copy of the foregoing DEFENDANT MEMORANDUM OF LAW IN SUPPORT OF RELEASE PENDING TRIAL was served by hand delivery upon Robert Peabody, Assistant United States Attorney, United States Attorney's Office, U.S. Courthouse, Suite 9200, One Courthouse Way, Boston, MA 02210.

Peter Charles Horstmann, Esquire

5