UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | |
| ) | Criminal No.: 04 CR 10319 WGY |
| Noel Hernandez, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO STRIKE SURPLUSAGE AND
INCORPORATED MEMORANDUM OF LAW**

NOW COMES the Defendant, Noel Hernandez, through counsel, and hereby moves this Honorable Court pursuant to Fed. R. Crim. P., Rule 7(d) to strike the language set forth in the Superseding Indictment, which alleges that the Defendant is responsible for 700 grams, but less than 1 kilogram of heroin and that he is a manager or supervisor of less than five people.[1] In support thereof, counsel states the following:

1. The Superseding Indictment dated October 14, 2004, contains similar allegations as the original indictment in all respects except for the addition of the NOTICE OF ADDITONAL FACTORS on page 7.

2. Fed. R. Crim. P. Rule 7(c)(1) provides that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."

3. It is submitted that the added Notice does not comply with the requirements of the rule in that it does not charge an "offense."

---

[1] The "Additional Factors" also includes references to the alleged conduct of codefendants, which similarly must be stricken.

4. The notice on page 7 of the Superseding Indictment does not refer to or incorporate a federal statutory crime, but it purports to "charge' the Defendant with alleged drug quantity and a managerial role in the offense.

5. On January 12, 2005, the United States Supreme Court held that Sentencing Guidelines were no longer "mandatory," but "nonetheless requires judges to take account of the Guidelines together with other sentencing goals." *Unites States v. Booker*, 125 S.Ct. 758 (2005).

6. Therefore, the "Additional Factors" cannot be deemed to charge an offense.

7. Rule 7(d) permits this Court to strike surplusage from the indictment.

8. Given the Supreme Court's ruling rendering the Guidelines advisory, the language contained on Page 7 must be stricken as surplusage.

WHEREFORE, based upon the foregoing arguments and authorities, this Honorable Court is respectfully urged to strike the requested language from the Superseding Indictment.

                Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley Street, 16th Floor
Boston, Massachusetts 02116
(617) 859-9999

**CERTIFICATE OF SERVICE**

I, Peter Charles Horstmann, Esquire, hereby certify that on this 27th day of January, 2005, a copy of the foregoing MOTION TO STRIKE SURPLUSAGE AND INCORPORATED MEMORANDUM OF LAW was served electronically upon William Bloomer, Assistant United States Attorney, United States Attorneys Office, One Courthouse Way, Suite 9200, Boston, MA 02210.

                Peter Charles Horstmann