UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

UNITED STATES                     )
                                  )
v.                                )
                                  )
                                  )    Criminal No.: 04 CR 10319 WGY
Noel Hernandez,                   )
                                  )
    Defendant.                    )
_____    )

## DEFENDANT'S DISCOVERY MOTION

NOW COMES the defendant, Noel Hernandez, through counsel, and respectfully moves this Honorable Court for an Order requiring the Government to produce the following discovery to the defendant:

1.  **F.R. Evid. 404(b) Information.**

The defendant requests early disclosure of "[a] description of all crimes or bad acts, together with the dates and places thereof, which the Government intends to offer against each defendant pursuant to Fed. R. Evid. 404(b)." The defendant requests said disclosure at least sixty (60) days prior to trial to allow adequate opportunity to investigate any such evidence which the government was seeking to use at trial.[1]

The problem with the government's general notice is that it is wholly inadequate to provide the defendant with the kind of timely notice required to enable the defense to investigate and prepare to defend against the allegations in advance of trial. Nor does the government's disclosure provide sufficiently specific notice to enable the defendant to identify that evidence which it will seek to exclude by motion *in limine*, pursuant to Rules

---

[1] Local Rule 117.1(4)(b) requires production of such information no later than twenty-one (21) days before the trial date.

1

404(b) and 403 of the Federal Rules of Evidence. The government has essentially provided generalities and an "example" of the evidence it will seek introduce, rather than a comprehensive list, which identifies the dates and places of the specific alleged criminal conduct.

In his concurring opinion in *United States v. Williams*, 985 F. 2d 634, 640 (1st Cir. 1993), Circuit Judge Torruella wrote a separate opinion to highlight his "exasperation at the repeated abuse of Rule 404(b) by government prosecutors." Complete and meaningful notice of evidence of other crimes, wrongs or acts the government intends to offer at trial is necessary to safeguard against such abuses. If the government is not held to the full breadth of the notice requirement, it will be able to proceed by "trial by ambush". The express purpose of the notice requirement of Rule 404(b), which was added by a 1991 amendment, was to reduce the surprise experienced by the defendant by the introduction of 404(b) evidence at trial and to protect the accused from "trial by ambush." *United States v. Perez-Tosta*, 36 F.3d 1552, 1561 (11th Cir. 1994).

As noted above, it is impossible for the defendant to challenge the admissibility of this evidence, either under Rule 404(b) or F.R.Evid. 403, without proper notice. It is obviously equally impossible for the Court to evaluate these same issues. As importantly, the defendant is left without any meaningful opportunity to prepare to meet the mystery evidence the government proposes to introduce, inevitably leading to the types of delays and prejudice Rule 404(b) was designed to prevent.

These concerns are precisely what led the Judiciary Committee to amend Rule 404(b) in 1991 to include a notice requirement. As set forth in the Advisory Committee's Note:

> [t]he amendment to Rule 404(b) adds a pretrial notice
> requirement in criminal cases and is intended to reduce surprise
> and promote early resolution on the issue of admissibility. The
> notice requirement thus places Rule 404(b) in the mainstream
> with notice and disclosure provisions in other rules of evidence
> ... the rule expects that counsel for both the defense and the
> prosecution will submit the necessary requests and information
> in a reasonable and timely manner ... the amendment requires
> the prosecution to provide notice regardless of how it intends to
> use the extrinsic act evidence at trial, i.e., during its case in
> chief, for impeachment, or for possible rebuttal.

Accordingly, this Court is respectfully urged to order the government to promptly provide the defendant with notice of all 404(b) evidence it will seek to introduce at trial, and to disclose the full panoply of information relating thereto which is required by the Rules. To the extent that the essence of the Rule 404(b) information is embodied in the statements of witnesses, the early production of Jencks material would provide the most obvious fair and expedient remedy to this discovery dispute.

### 2. **Jencks Material.**

Although it is anticipated that the government will ultimately not seek to strictly employ the provisions of the Jencks Act, 18 U.S.C. §3500, and withhold the production of witness statements until the completion of the direct testimony of each witness, it is respectfully submitted that - in this case - early production is necessary and should be ordered by this Court.

The Indictment in this case alleges that the defendant engaged in certain criminal conduct during a specific time period. The government's case rests largely on the testimony of two codefendant who pleaded guilty, and are now expected to testify in this case as part of their cooperation agreements. Evidence of the criminal activities of these witnesses is clearly exculpatory, as defined under Local Rule 116.2 (A), and consistent with the dictates of *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Agurs*, 427 U.S. 97 (1976), *Kyles v. Whitley*, 514 U.S. 419 (1995), and their progeny. Similarly, evidence relating to the delay in the

commencement of this prosecution and in identifying these codefendants as being involved in the alleged illegal activity is exculpatory. Furthermore, evidence reflecting the bias of these witnesses against the defendant, perhaps born from alleged prior dealings, is exculpatory.

It is probable that much, if not all of this exculpatory information is contained in the statements of the government's witnesses. Disclosure of exculpatory evidence is dictated in this District by Local Rule 116.2.[2] The Report of the Judicial Members of the Committee Established to Review and Recommend Revisions of the Local Rules of the United States District Court for the District of Massachusetts Concerning Criminal Cases, dated October 28, 1998, (hereinafter the "Judicial Report"), explicitly recognized that the presumptive dates for production contained in the Rules might well have to be tailored to meet the needs of particular cases. As the Judicial Report states: "the court has 'a wide measure of discretion to ensure' that the government meets its obligation to disclose exculpatory information in time to allow the defense to use the information effectively in the preparation and presentation of its case." Judicial Report, at §V. A., quoting *United States v. Pollack,* 534 F.2d 964, 973 (D.C. Cir.), *cert. denied*, 429 U.S. 924 (1976). In this case, the length of time since the offense conduct was alleged to have been committed, the number and nature of the witnesses the government intends to call at trial, and the absence of the production of most of the investigative reports concerning information relating to the areas of exculpatory information discussed above, are all factors that support the need for the immediate production of witness statements bearing on this information. Moreover, there are no countervailing considerations supporting later disclosure given that most of the subject witnesses have already been identified by the government.

---

[2] It should be noted that exculpatory evidence in the form of information that would cast doubt on the admissibility of evidence, *e.g.*, identification evidence and, presumably, F.R.Evid. 404(b) evidence, must be produced within the time provided for under the Local Rules for Automatic Discovery. *See* Local Rule 116.2(B)(1)(b).

4

The Judges of this District have been particularly cognizant of the potential conflict between the duty to disclose exculpatory evidence and the timing provisions of the Jencks Act. As at least one district judge concluded, the government has an immediate obligation to produce *Brady* evidence contained within Jencks material. *United States v. Snell*, 899 F.Supp. 17, 21 n.8 (D.Mass. 1995) (Gertner, J.). Judge Gertner also noted that "the concerns undergirding Jencks are simply not triggered" if, as in the case at bar, there is no law enforcement reason prohibiting earlier disclosure (*e.g.*, threats to witnesses). As noted above, the identity of the witnesses - in the main - already has been accomplished in the instant case.

While the drafters of the Local Rules were unwilling to adopt the unequivocal position of the *Snell* court, they clearly recognized that the issue should be resolved on a case-by-case basis. Judicial Report, at §V.B. It is submitted that in this case, the provisions of the Jencks Act must give way to "the government's duty to disclose exculpatory information early enough to permit effective use by the defendant[s]." *Id.*

### 3.     Promises, Records and Inducement.

Codefendant Caesar Mercedes and Francisco Navarro have entered into cooperation agreements with the Government. To date, no discovery regarding their cooperation agreements has been provided to the defendant. *Giglio v. United States*, 405 U.S. 150, 153-54 (1972)(mandating the disclosure of evidence of promises, rewards and inducements).

### 4.     Unindicted Coconspirators (Local Rule 116.1(c)).

In his letter dated November 4, 2004, A.U.S.A. Peabody states that other "individuals may well qualify as 'unindicted coconspirators.'" One such individual is "Jose Medina," whom the defendant has alleged orchestrated the drug transaction without the defendant's knowledge. Further, an individual named "Miguel" was alleged by the

5

codefendants to have paid for everything. Disclosures of the investigations of these individuals is of crucial import to the defendant.

                                                  Respectfully submitted,

                                                  Peter Charles Horstmann, Esquire
                                                  BBO #556377
                                                  PARTRIDGE, ANKNER & HORSTMANN, LLP
                                                  200 Berkeley Street
                                                  Boston, Massachusetts 02116
                                                  (617) 859-9999

                                                  Attorney for Defendant
                                                  Noel Hernandez

## **CERTIFICATE OF SERVICE**

     I, Peter Charles Horstmann, Esquire, hereby certify that on this 1st day of February, 2005, a copy of the foregoing DEFENDANT DISCOVERY MOTION was served electronically upon William Bloomer, Assistant United States Attorney, United States Attorneys Office, One Courthouse Way, Suite 9200, Boston, MA 02210.

                                                  Peter Charles Horstmann, Esquire