

U.S. Department of Justice

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts  02210*

14 February 2005

Peter C. Horstmann, Esq.
Partridge, Ankner & Horstmann, LLP
200 Berkeley Street
Boston, MA 02116

RE:   United States v. Noel Hernandez,
      Discovery Response Pursuant to Local Rule 116.3

Dear Attorney Horstmann:

As discussed on February 2, 2005, the parties agree to treat the Defendant's Discovery Motion, which was filed on February 1, 2005, as a request for discovery under Local Rule 116.3. What follows is the government's response to your specific discovery requests.

1.   **F.R. Evid. 404(b) Information**

Objection.  Federal Rule of Evidence 404(b) states in pertinent part, "the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."  Local Rule 117.1(A) states in part, "At the Initial Pretrial Conference the judge must . . . (4) . . . order the government to disclose to the defendant no later than twenty-one (21) days before the trial date . . .  (b)  A general description (including the approximate date, time and place) of any crime, wrong, or act the government proposes to offer pursuant to Fed. R. Evid. 404(b)."  Local Rule 1.2(a) reads, "These rules shall apply to all proceedings in the United States District Court for the District of Massachusetts."  Having initiated charges against Mr. Hernandez in the Federal District Court in Massachusetts, the government is bound by the Local Rules pertaining to discovery, as is the defense, and it intends to comply fully with them.  There is nothing out of the ordinary about the present case, in the government's opinion, that would justify a departure from the 21-day pretrial notice requirement for 404(b) conduct.  The defendant's plaint that, "The problem with the government's general notice is that it is wholly inadequate to provide the defendant with the kind of timely notice required to enable the defense to investigate and prepare to defend against the allegations in advance of trial", much like his

lamentation that he "is left without any meaningful opportunity to prepare to meet the mystery evidence the government proposes to introduce" without proper notice, is simply an expression of his displeasure with the discovery provisions of the Local Rules and not a valid basis for departure from them.

2.    **Jencks Material**

   Objection (limited).  The Jencks Act authorizes the government to withhold the statements of prospective witnesses until the witness completes his testimony on direct. 18 U.S.C. §3500(a); <u>United States v. Tejeda</u>, 974 F.2d 210, 217 (1st Cir. 1992).  Jencks material is limited to the statements of testifying witnesses.  <u>United States v. Blais</u>, 98 F.3d 647, 651 (1st Cir. 1996).  Local Rule 117.1(A)(5) requires the Court to hold an initial pretrial conference during which it shall determine "whether the parties have furnished statements , as defined by 18 U.S.C. §3500(e) and Fed. R. Crim. P. 26.2(f), of witnesses they intend to call in their cases-in-chief and, if not, when they propose to do so."

   Nevertheless, the government encloses herein the following copies of documents at this stage in the proceedings:

   (A)  Report of SA Christopher Diorio, Arrest of Francisco Navarro, Cesar Mercedes, and Noel Hernandez, dated 8/31/04 (5 pages);
   (B)  Custody Receipts for Seized Property and Evidence (4 pages);
   (C)  Drug Analyses, dated 7/28/04 (2 pages);
   (D)  Booking Sheet and Booking Photograph for Noel Hernandez (2 pages);
   (E)  Documents in the possession of Hernandez at arrest, including
       -Itinerary for Francisco Navarro and Cesar Mercedes (1 page),
       -Union Travel N' Tours Invoice, #492648 (1 page),
       -Passenger Receipt for Navaro and Mercedes (2 pages),
       -Photograph of Hernandez and unidentified male (1 page),
       -Hernandez MA Driver's License (1 page),
       -Henrandez Resident Alien Card (1 page),
       -Dominican Republic Indentification (1 page),
       -Citizen Bank ATM card for Hernandez (front and back, 2 pages),
       -Selective Service Card (2 pages), and
       -Several business cards (front and back, 2 pages);
   (F)  Photo Badge Updates for Hernandez (7 pages);
   (G)  AIRSECTY computer records pertaining to Hernandez (6 pages);
   (H)  "Declaracion De Derechos", dated 7/14/04 and signed by Hernandez (1 page);
   (I)  Interstate Identification Index Response for Hernandez (14 pages); and
   (J)  Registry of Motor Vehicle printouts for Hernandez (6 pages).

   I have requested any and all reports related to the arrest of the defendant from the Massachusetts State Police.  I will forward copies of these reports pursuant to the mandates set forth in the Local Rules and the Federal Rules of Criminal Procedure as soon as I receive them.  To the extent that the defendant moves for the production of additional Jencks-type material at this time, the government objects.

Of course, a Jencks Act statement may contain exculpatory material. The defendant correctly notes that, "Disclosure of exculpatory evidence is dictated in this District by Local Rule 116.2." If information contained in Jencks Act statements would tend directly to negate the defendant's guilt, support a motion to suppress, or deal with the failure of a critical witness to make a positive identification, it must be disclosed within 28 days of arraignment. See LR 116.2(B)(1). Information that tends to cast doubt on the credibility or accuracy of a witness and materially inconsistent statements must generally be disclosed no later than 21 days before trial. See LR 116.2(b)(2). The government is fully aware of its obligations under Local Rule 116.2 and intends to abide by them. The defendant's request for evidence of bias of witnesses against the defendant, "perhaps born from alleged prior dealings," is speculative and nonetheless covered by the Local Rules. See LR 116.2(B)(2)(d) (requiring disclosure of information reflecting bias or prejudice against defendant by any witness whom government anticipates calling in its case-in-chief no later than 21 days prior to trial). Recognizing that the timing of disclosure of Jencks material -- even under the speculative guise of "exculpatory evidence" -- is covered by the Local Rules, the defendant nevertheless requests that the discovery provisions of the rules be relaxed to accommodate his case. In essence, the defense asks the government to afford Mr. Hernandez special treatment not available to other defendants similarly situated in the federal criminal justice system in Massachusetts. This the government refuses to do.

3. **Promises, Records (sic) and Inducement**

Agreed. Enclosed find the plea agreement for Caesar Mercedes, dated 01/20/05 (10 pages); plea agreement for Francisco Navarro, dated 01/20/05 (11 pages). No other promises, rewards or inducements have been made to the above witnesses or any other witness the government intends to call as a witness at trial. Neither Mercedes nor Navarro have criminal records.

4. **Unindicted Coconspirators (Local Rule 116.1(c))**

Agreed. In his automatic discovery letter dated November 4, 2004, then AUSA Robert Peabody states, "The government believes that, at this writing, individuals may well qualify as 'unindicted coconspirators.' When and if such persons are indicted, their names will, of course, be made public. If at such time such individuals have not been indicted, such names will be made available to counsel."

Enclosed under separate cover are the names of individuals who arguably may qualify as unindicted coconspirators. By forwarding these names, the government makes no representation as to whether these individuals have been positively identified or whether they even exist. Nevertheless, the names set forth therein should remain confidential and not subject to dissemination. See Local Rule 116.1(c)(1)(e) ("If subsequent litigation requires that the name of any such unindicted coconspirator be referenced in any filing directly with the court, that information must be redacted from any public filing and be filed under L.R. 7.2 pending further order of the court.")

**Reciprocal Discovery**

      Please consider this letter a second request for reciprocal discovery pursuant to Local Rule 116.1(D) and Fed. R. Crim. P. 16(b).

      If you have any questions with respect to this matter, please do not hesitate to contact me at the number below.

          Very truly yours,

          MICHAEL J. SULLIVAN
          United States Attorney

By:   /s/William F. Bloomer
       _____
       WILLIAM F. BLOOMER
       Assistant U.S. Attorney
       (617) 748-3644

[enclosure(s)]

cc: File