UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
UNITED STATES            )
                         )
v.                       )
                         )
                         )   Criminal No.: 04 CR 10319 WGY
Noel Hernandez,          )
                         )
     Defendant.          )
_____)

**DEFENDANT HERNANDEZ'S MOTION TO SUPPRESS
IN-COURT AND OUT-OF-COURT IDENTIFICATIONS AND INCORPORATED
MEMORANDUM OF LAW**

**I. INTRODUCTION**

NOW COMES the Defendant, Noel Hernandez, ("Hernandez"), through counsel, and hereby moves this Honorable Court to suppress the out-of-court identifications of him and preclude the Government from offering any in-court identifications at trial based upon the tainted out-of-court identifications. The Defendant hereby requests an evidentiary hearing on this motion and reserves the right to supplement the instant motion at a later date based upon further discovery and an evidentiary hearing.

**II. FACTUAL BACKGROUND**

Hernandez has been charged with Conspiracy to import Heroin, Illegal Importation of Heroin and Aiding and Abetting, in violation of 21 U.S.C. §§ 963 and 952(a) and 18 U.S.C. § 2 respectively.

According to a report of DEA Special Agent Christopher Diorio on July 13, 2004, Francisco Navarro, ("Navarro"), and Cesar Mercedes ("Mercedes") arrived at Logan on Flight 2084 from Santa Domingo, Dominican Republic. (See Exhibit 1, attached hereto). They were selected for a "secondary" Customs inspection. A review of their itinerary revealed that both were traveling on cash tickets purchased by a third party from Union Travel in Lynn, Massachusetts. Both departed San Juan, Puerto Rico, on July 10, 2004, and traveled to Santa Domingo. Although the original itinerary called for them to travel back to San Juan before departing for Boston, the tickets were changed to a direct flight from Santa Domingo to Boston. Navarro and Mercedes both told the Customs inspectors that they were traveling alone. Further, investigation revealed that they had traveled together and sat together. Both admitted to having swallowed pellets of what they believed was cocaine. Navarro was also carrying 21 pellets concealed in his groin area. Later tests revealed that they were carrying heroin.

Navarro told the agents he was being picked up by Hernandez and provided a phone number for the agents to contact Hernandez. Navarro also supposedly provided a description of Hernandez although this description is not set forth in the report. When the agents called the phone number given, Hernandez answered. At the time he was at Terminal "B" awaiting the arrival of the plane based on the original itinerary. Special Agent Diorio told Hernandez that he was with his friends at Terminal "E." Hernandez drove his car to Terminal "E" where he was stopped by the agents. He produced his

Massachusetts Drivers License and Permanent Resident Alien card both in his name and with his photograph.

According to Special Agent Diorio, Hernandez also produced a photograph of himself to demonstrate that he had worked for Delta Airlines. This photograph was later shown to Navarro who stated "that's Noel."

Although Navarro is the only person mentioned in the report who identified a photograph of Hernandez, it is likely that Mercedes was given a similar opportunity. All in-court and out-or-court identifications must be suppressed.

### III.  ARGUMENTS

A.   THE OUT-OF-COURT IDENTIFICATION OF HERNANDEZ WAS OVERLY SUGGESTIVE AND PATENTLY UNRELIABLE AND MUST BE SUPPRESSED.

It has been widely recognized for forty (40) years that "[a] major factor contributing to the high incidence of miscarriage of justice from mistaken identification has been the degree of suggestion inherent in the manner in which the prosecution presents the suspect to witnesses for pretrial identification." *United States v. Wade*, 388 U.S. 218, 228 (1967); P. Wall, Eyewitness Identification in Criminal Cases 26 (1965). To determine whether evidence procured as a result of a pretrial identification procedure should be excluded, a court must conduct a two-prong inquiry. *Allen v. Massachusetts*, 926 F.2d 74, 81 (1st Cir. 1991). First, the court must consider whether the procedure was impermissibly suggestive. *United States v. de Jesus-Rios*, 990 F.2d 672, 677 (1st Cir. 1993). If the court finds the procedure impermissibly suggestive, it must then inquire

whether, under the "totality of the circumstances," the identification itself was reliable, despite the suggestive procedure. *Id.* Reliability is the "linchpin" in ascertaining the admissibility of identification evidence." *Manson v. Braithwaite*, 432 U.S. 98, 114 (1977).

    1. <u>The Identification Procedure Used Was Impermissibly Suggestive.</u>

The burden is on the Defendant to prove by a preponderance of the evidence that an unnecessarily suggestive identification occurred causing an irreparably mistaken identification. *Otsuki v. DuBois*, 994 F. Supp. 47, 59 (D. Mass. 1998); *United States v. Trenkler*, 1993 WL 443944, at *1 (D. Mass. 1993). The witnesses in this case were <u>not</u> asked to review photo arrays. They were first shown the Defendant's driver's license, and/or a photograph of the Defendant. Moreover, the witnesses in this case have been offered plea agreements in exchange for their testimony, giving them added incentive to positively identify the only individual shown to them. There is also no evidence of how the witnesses described Hernandez before the witnesses viewed the photographs. The witnesses were left to infer that because the agents had the Defendant's photograph, he was in custody and was the person the agents thought was involved. Therefore, the identification procedure was impermissibly suggestive and the Court must consider the reliability of the procedure under the totality of the circumstances.

    2. <u>The Identification Procedure Was Unreliable Under the Totality of the Circumstances.</u>

After determining that the identification procedure is impermissibly suggestive, a court must then inquire whether, under the totality of the circumstances, the identification was reliable, despite the suggestive procedure. *de Jesus-Rios*, 990 F.2d at 677. Under the "totality of the circumstances" analysis, the court must consider the opportunity the witness had to view the alleged criminal at the time of the crime, the witness's degree of attention at the time of the crime, the accuracy of the witness's prior description of the alleged criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. *United States v. Bouthot*, 878 F.2d 1506, 1514 (1st Cir. 1989) (citing *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972)). Any in-court identification is also excluded unless the Government can show it has an independent source. *Wade*, 338 U.S. at 241.

"Where the circumstances of either a pretrial or an at-trial identification are suggestive, reliability is the linchpin for determining admissibility." *Kennaugh v. Miller*, 289 F.3d 36, 46-47 (2002). The *Biggers* analysis must be applied to the "in-court identification testimony of a witness who ha[s] failed to recognized the defendant in a pretrial photo array." *Id.* at 46.

In the instant case the witnesses were shown one and perhaps as many as three photographs of the Defendant. The photographs were not in an array or any other accepted form of identification procedure. No controls were in place to verify the accuracy of the identification. This raises "serious doubts about the reliability of [their] proffered testimony" regarding the identification of Hernandez at trial. *See Kennaugh*,

289 F.3d at 46. Under the *Biggers* analysis, there is no certainty in their identifications because the identifications were also suspect. Therefore, the anticipated testimony regarding identification should be suppressed.

## IV.  CONCLUSION

Based on the foregoing arguments and authorities, and the evidence to be adduced at an evidentiary hearing, the defendant Noel Hernandez respectfully urges this Honorable Court to suppress the out-of-court identifications and preclude the Government from offering any in-court identifications of the Defendant which were based upon suggestive out-of-court procedure.

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley Street
Boston, Massachusetts 02116
(617) 859-9999

Attorney for Defendant
Noel Hernandez

**CERTIFICATE OF SERVICE**

I, Peter Charles Horstmann, Esquire, hereby certify that on this 2nd day of March, 2005, a copy of the foregoing DEFENDANT HERNANDEZ'S MOTION TO SUPPRESS IN-COURT AND OUT-OF-COURT IDENTIFICATIONS AND INCORPORATED MEMORANDUM OF LAW was served electronically upon William Bloomer, Assistant United States Attorney, United States Attorneys Office, One Courthouse Way, Suite 9200, Boston, MA 02210.

Peter Charles Horstmann, Esquire