UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. No. 04-10319-WGY |
| | ) | |
| **NOEL HERNANDEZ** | ) | |
| | ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT NOEL HERNANDEZ'S MOTION TO MODIFY CONDITIONS OF RELEASE

The United States, by its attorneys, Michael J. Sullivan, United States Attorney, and William F. Bloomer, Assistant U.S. Attorney, hereby opposes the defendant Noel Hernandez's Motion to Modify Conditions of Release. A precis of the relevant prior proceedings is set forth below.

1. On August 9, 2004, Magistrate Judge Marianne B. Bowler entered a Voluntary Order of Detention against the defendant (DE 12);[1]

2. On September 24, 2004, the defendant filed a Motion to Vacate Temporary Detention Order (DE 18);

3. On September 30, 2004, Magistrate Judge Bowler denied the defendant's Motion to Vacate Temporary Detention Order without prejudice (DE 09/30/04);

4. On October 6, 2004, Magistrate Judge Bowler conducted a hearing to consider the defendant's release. (DE 10/06/04). During that hearing, the Court heard testimony from defense witness Ada Iris Mateo. Ms. Mateo, the defendant's girlfriend, had applied for and received two civil restraining orders against Hernandez under Massachusetts General Laws c. 209A. The effective dates of the orders were January 3, 2003 through January 8, 2003 and March 3, 2003 through May 5, 2004. The

---

[1] Citations to relevant docket entries are in the following form: (DE [number of entry] or [date of entry]).

orders required the defendant to vacate their residence and stay away from Ms. Mateo and their children;

5. On October 7, 2004, Magistrate Judge Bowler again conducted a hearing concerning the defendant's pretrial release. (DE 10/07/04). Eduardo Avilva, third party custodian, was examined. The Court set conditions of release to include custodianship, electronic monitoring and a curfew. Hernandez was also required to post an unsecured bond in the amount of $25,000.00. (DE 19);

6. On December 3, 2004, Hernandez filed an Emergency Motion for Modification of Conditions of Release. (DE 26). The motion sought permission to remain outside home confinement until 8:00 p.m., to allow him an opportunity to work for Target and Eduardo Avila in an effort to pay child support. The government did not oppose this motion. On December 7, 2004, Magistrate Judge Bowler allowed the defendant's motion. (DE 12/07/04);

7. On February 28, 2005, Hernandez filed a Motion to Modify Conditions of Release requesting that this Court remove the curfew of 8:00 p.m. to 6 a.m. in order to "permit him to work at nights and to live with the mother of his children."

The government objects to the removal of two of the critical components of the defendant's pretrial release: (1) the curfew (and effectively the electronic monitoring), and (2) the third party custodianship of Edward Avila. The defendant's request essentially negates the conditions of his pretrial release entirely. First, the defendant advances no claim in his motion that the defendant has received an actual offer of employment for night-shift work from Avis Rental Cars at Logan Airport and/or WalMart at a higher salary than he is presently earning.[2]

---

[2]Indeed, after speaking to Pretrial Services Officer Christopher Wylie on March 4 and 9, 2005, the undersigned prosecutor has serious reservations about Mr. Hernandez's true motives in attempting to secure freedom from his conditions of release in order to pursue better employment opportunities. According to Mr. Wylie, the defendant reported to pretrial

Second, and more important, the government suggests that permitting the defendant to work at Logan Airport after he has been indicted for importing in excess of one kilogram of heroin at that very airport with the aid and assistance of two couriers is highly inappropriate.  Finally, vacating the portion of the order that requires the defendant to live with Eduardo Avila and permitting him to reside with his girlfriend and children is fraught with peril.  As previously noted, Ms. Mateo has obtained restraining orders against the defendant (the latest expiring in May of 2004).  The defendant himself notes in his motion that the Court was reluctant to permit him to live with his fiancé, Ada Mateo.  Placing the defendant back into a potentially volatile domestic situation, the government argues, is not an ideal alternative for anyone on pretrial release.  Certainly, the passage of a mere ten months since the expiration of the restraining order against him does not justify allowing Hernandez to return to the plaintiff/girlfriend, particularly where the defendant was incarcerated or in the custodianship of another during a substantial portion of this ten-month period.

   For the above-enunciated reasons, the government respectfully requests that this Court deny the defendant's Motion to Modify Conditions of Release.

---

services on March 2 and 7, 2005, and stated that if he could not move back in with his girlfriend, he wanted to return to the Plymouth Jail.

```
                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney


                         By:  _/s/William F. Bloomer___
                              WILLIAM F. BLOOMER
                              Assistant U.S. Attorney
```