UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. No. 04-10319-WGY |
| | ) | |
| **NOEL HERNANDEZ** | ) | |
| | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
RENEWED DISCOVERY MOTION**

The United States, by its attorneys, Michael J. Sullivan, United States Attorney, and William F. Bloomer, Assistant U.S. Attorney, and hereby responds to the Defendant's Renewed Discovery Motion.

1. **General Request**

No response necessary.

2. **F.R. Evid. 404(b) Information**

Objection. Federal Rule of Evidence 404(b) states in pertinent part, "the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Local Rule 117.1(A) states in part, "At the Initial Pretrial Conference the judge must . . . (4) . . . order the government to disclose to the defendant no later than twenty-one (21) days before the trial date . . .  (b)  A general description

1

(including the approximate date, time and place) of any crime, wrong, or act the government proposes to offer pursuant to Fed. R. Evid. 404(b)."  Local Rule 1.2(a) reads, "These rules shall apply to all proceedings in the United States District Court for the District of Massachusetts."  Having initiated charges against Mr. Hernandez in the Federal District Court in Massachusetts, the government is bound by the Local Rules pertaining to discovery, as is the defense, and it intends to comply fully with them. There is nothing out of the ordinary about the present case, in the government's opinion, that would justify a departure from the 21-day pretrial notice requirement for 404(b) conduct.  The defendant's plaint that, "The problem with the government's general notice is that it is wholly inadequate to provide the defendant with the kind of timely notice required to enable the defense to investigate and prepare to defend against the allegations in advance of trial", much like his lamentation that he "is left without any meaningful opportunity to prepare to meet the mystery evidence the government proposes to introduce" without proper notice, is simply an expression of his displeasure with the discovery provisions of the Local Rules and not a valid basis for departure from them.

3. **Jencks Material**

Objection (limited).  The Jencks Act authorizes the government to withhold the statements of prospective witnesses

2

until the witness completes his testimony on direct. 18 U.S.C. §3500(a); <u>United States v. Tejeda</u>, 974 F.2d 210, 217 (1st Cir. 1992). Jencks material is limited to the statements of testifying witnesses. <u>United States v. Blais</u>, 98 F.3d 647, 651 (1st Cir. 1996). Local Rule 117.1(A)(5) requires the Court to hold an initial pretrial conference during which it shall determine "whether the parties have furnished statements, as defined by 18 U.S.C. §3500(e) and Fed. R. Crim. P. 26.2(f), of witnesses they intend to call in their cases-in-chief and, if not, when they propose to do so."

Nevertheless, the government has already provided early disclosure of the following documents:

(A) Report of SA Christopher Diorio, Arrest of Francisco Navarro, Cesar Mercedes, and Noel Hernandez, dated 8/31/04 (5 pages);
(B) Custody Receipts for Seized Property and Evidence (4 pages);
(C) Drug Analyses, dated 7/28/04 (2 pages);
(D) Booking Sheet and Booking Photograph for Noel Hernandez (2 pages);
(E) Documents in the possession of Hernandez at arrest, including
- Itinerary for Francisco Navarro and Cesar Mercedes (1 page),
- Union Travel N' Tours Invoice, #492648 (1 page),
- Passenger Receipt for Navaro and Mercedes (2 pages),
- Photograph of Hernandez and unidentified male (1 page),
- Hernandez MA Driver's License (1 page),
- Henrandez Resident Alien Card (1 page),
- Dominican Republic Indentification (1 page),
- Citizen Bank ATM card for Hernandez (front and back, 2 pages),

```
                    -Selective Service Card (2 pages), and
                    -Several business cards (front and back, 2
                    pages);
     (F)       Photo Badge Updates for Hernandez (7 pages);
     (G)       AIRSECTY computer records pertaining to Hernandez
               (6 pages);
     (H)       "Declaracion De Derechos", dated 7/14/04 and
               signed by Hernandez (1 page);
     (I)       Interstate Identification Index Response for
               Hernandez (14 pages); and
     (J)       Registry of Motor Vehicle printouts for Hernandez
               (6 pages).
```

In addition, enclosed please find the telephone toll records for 857-472-3142 dated from 05/21/04 through 07/14/04. As indicated in my correspondence dated February 14, 2005, I have requested any and all reports related to the arrest of the defendant from the Massachusetts State Police. I will forward copies of these reports pursuant to the mandates set forth in the Local Rules and the Federal Rules of Criminal Procedure as soon as I receive them. To the extent that the defendant moves for the production of additional Jencks-type material at this time, the government objects.

Of course, a Jencks Act statement may contain exculpatory material. The defendant correctly notes that, "Disclosure of exculpatory evidence is dictated in this District by Local Rule 116.2." If information contained in Jencks Act statements would tend directly to negate the defendant's guilt, support a motion to suppress, or deal with the failure of a critical witness to make a positive identification, it must be disclosed within 28

days of arraignment.  See LR 116.2(B)(1).  Information that tends to cast doubt on the credibility or accuracy of a witness and materially inconsistent statements must generally be disclosed no later than 21 days before trial.  See LR 116.2(b)(2).  The government is fully aware of its obligations under Local Rule 116.2 and intends to abide by them.  The defendant's request for evidence of bias of witnesses against the defendant, "perhaps born from alleged prior dealings," is speculative and nonetheless covered by the Local Rules.  See LR 116.2(B)(2)(d) (requiring disclosure of information reflecting bias or prejudice against defendant by any witness whom government anticipates calling in its case-in-chief no later than 21 days prior to trial). Recognizing that the timing of disclosure of Jencks material -- even under the speculative guise of "exculpatory evidence" -- is covered by the Local Rules, the defendant nevertheless requests that the discovery provisions of the rules be relaxed to accommodate his case.  In essence, the defense asks the government to afford Mr. Hernandez special treatment not available to other defendants similarly situated in the federal criminal justice system in Massachusetts.  This the government refuses to do.

4. **Unindicted Coconspirators (Local Rule 116.1(c))**

Agreed.  In his automatic discovery letter dated November 4, 2004, then AUSA Robert Peabody states, "The government believes

that, at this writing, individuals may well qualify as 'unindicted coconspirators.'  When and if such persons are indicted, their names will, of course, be made public.  If at such time such individuals have not been indicted, such names will be made available to counsel."

On February 14, 2005, the undersigned prosecutor provided to defense counsel the names of individuals who arguably may qualify as unindicted coconspirators under separate cover.  In that same letter, the government explained that it made no representation as to whether these individuals have been positively identified or whether they even exist.  Nothing has changed.  On the evening of his arrest, the defendant told law enforcement agents that an individual named "Medina" had sent him to pick up an adult named "Luis" and two children at Logan Airport.  Hernandez said he had no way to contact these people and did not know what they looked like.  After the defendant's arrest, agents went to Hernandez's residence but did not locate any person named "Medina."  No further information regarding a Jose Medina has been unearthed.  To date, it is not entirely clear whether the Jose Medina referred to by the defendant even exists.

The government suggests that the defendant, who apparently knows Jose Medina well enough to run errands for him at Logan Airport, is in a better position to determine "the existence of Jose Medina" (Defendant's Motion 6) and any information regarding

his whereabouts.

5.  **Redacted Notes**

The defendant seeks discovery of unredacted case agent notes. First, the government is not in a position to respond adequately to this request insofar as it is unable to determine precisely what notes the defendant is referring to. Second, the defendant is incorrect when he asserts without citation to any authority that, "[e]ven assuming there is an ongoing investigation, the Defendant's right to discovery outweighs the Government's need to further protect this information." See e.g. In re Grand Jury Proceedings, 988 F.2d 211, 213 (1st Cir. 1992) (witness' right to assert defenses does not imply unconditional access to materials that might impede government's investigation or safety of witnesses if disclosed). Third, this is nothing more than a backdoor request for Jencks material which is improper for the reasons set forth in ¶ 3 above. Finally, the government obviously will accede to the Court's direction to conduct an *in-camera* review of the notes if it deems appropriate.

**Reciprocal Discovery**

The government again moves for production of reciprocal discovery pursuant to Local Rule 116.1(D) and Fed. R. Crim. P. 16(b). To date, the undersigned prosecutor has received no discovery from the defense.

```
                    Respectfully submitted,

                    MICHAEL J. SULLIVAN
                    United States Attorney


               By:  _/s/William F. Bloomer___
                    WILLIAM F. BLOOMER
                    Assistant U.S. Attorney
```