UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
UNITED STATES                            )
                                                         )
v.                                                       )
                                                         )
                                                         )   Criminal No.: 04 CR 10319 WGY
Noel Hernandez,                          )
                                                         )
        Defendant.                           )
_____   )

**DEFENDANT'S EMERGENCY DISCOVERY MOTION AND MOTION TO CONTINUE TRIAL IF DISCOVERY CANNOT BE OBTAINED PRIOR TO JULY 5, 2005 TRIAL DATE**

NOW COMES the defendant, Noel Hernandez, through counsel, and respectfully moves this Honorable Court for an Order requiring the Government to produce additional discovery to the defendant and to grant the defendant additional time to conduct a defense investigation, if the investigation cannot be completed by July 5, 2005. In support thereof, counsel states the following:

1. The Government will call Francisco Navaro, ("Navaro"), to testify at trial pursuant to a Plea Agreement.

2. Navaro will presumably testify that the defendant organized the drug smuggling operation which eventually led to Navaro's arrest at Logan Airport with more than 400 grams of heroin in his intestines.

3. Prior to Navaro's cooperation the Government's case against the defendant was based entirely on the circumstantial evidence that the defendant was at the airport to pick up passengers at Terminal B, possessed itinerary for Navaro and another

1

        defendant to arrive at Terminal B, and Navaro and another defendant arrived at Terminal E with Hernandez's name and phone number.[1]

4. On June 14, 2005, counsel received the reports of interviews with Navaro which were held on July 19, 2004, November 3, 2004 and March 14, 2005.

5. These reports contain specific information regarding the alleged motivation and planning of the smuggling enterprise.

6. Generally, Navaro alleges that he was severely injured when he was beaten by police in Puerto Rico on December 22, 2003, resulting in an inability to work and resulting indebtedness in excess of $60,000.00 to creditors and doctors.

7. As a result of his debts, Navaro borrowed money from several individuals.

8. Although his story is inconsistent, Navaro claims that $7000.00 was borrowed from Noel Hernandez which was delivered to him in the hospital by "Rubin Martinez".

9. Navaro claims he agreed to work off his debt to Hernandez by smuggling the drugs which were found in his intestines upon his arrival at Logan.

10. Navaro claims that this settlement of his debt was discussed at a meeting in the Bronx, N.Y., in late May or early June of 2004.

11. Navaro claims that Hernandez was at this meeting along with others and paid for Navaro's travel and gave him an additional $2,000.00 to cover incidental expenses.

---

[1] A.U.S.A. Peabody conceded the circumstantial nature of the Government's case at a Detention Hearing on September 8, 2004. (See transcript of 9/8/04, p.10).

2

12. Navaro also claims that his lawsuit against the police who allegedly beat him began just prior to his arrest.

13. At no time during Navaro's interviews does he discuss his prior relationship with Hernandez.

14. At trial, Hernandez's defense strategy will most likely be that Navaro is lying about his relationship with Hernandez and the facts leading up to Navaro's arrest.

15. In order to thoroughly investigate Navaro's claims and adequately prepare for trial the undersigned counsel requests that this Court Order the Government to produce the following documentation regarding Navaro:

   a. any and all police reports regarding the incident of December 22, 2003,

   b. any and all records relating to Navaro' medical treatment and bills following the December 22, 2003 incident,

   c. any and all records relating to Navaro's employment on or about December 22, 2003,

   d. Any and all records relating to lawsuits filed on behalf of Navaro regarding the December 22, 2003 incident,

   e. Identifying information for Navaro from which to run a credit report,

   f. Navaro's passport.

16. It is respectfully submitted that the forgoing documents, papers and/or data are material to the preparation of the defense and, therefore, are subject to disclosure pursuant to Fed.R.rim.P., Rule 16(a)(1)(E)(i).

17. Alternatively, absent the above-referenced production of documentary evidence, the Court is requested to Order the Government to obtain the following

3

information from Navaro so that the defendant may seek subpoenas for the information:[2]

    a..     The name of the police department involved in the assault,

    b.     The names of Navaro's lawyers,

    c.     The court in which any lawsuit has been filed by Navaro,

    d.     The names of any witnesses to this incident,

    e.     The name of the hospital(s) in which Navaro was treated,

    f.     The names of doctors who treated Navaro,

    g.     The name of Navaro's employer on December 22, 2003,

    h.     Navaro's social security number and D.O.B.

    i.     The name of the airline Navaro flew on in late May or early June of 2004,

18. Navaro's attorney has refused a request by the undersigned counsel to interview Navaro.

19. The undersigned counsel has conferred with the Government pursuant to the Local Rules and in an effort to narrow the scope of the dispute.

20. The Government has indicated that it has produced all documentary evidence in its possession relating to the instant request.

21. The Government has agreed to provide the items requested in paragraph 17 once it has received the information from Navaro.

22. Therefore, this Honorable Court is respectfully urged to continue the trial date if the evidence cannot be obtained prior to July 5, 2005.

---

[2] A hearing is scheduled for June 24, 2005, at which Navaro is expected to testify.

WHEREFORE, based upon the foregoing arguments and authorities this Honorable Court is respectfully urged to grant the relief requested by the instant motion.

    Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley Street
Boston, Massachusetts 02116
(617) 859-9999

Attorney for Defendant
Noel Hernandez

**CERTIFICATE OF SERVICE**

I, Peter Charles Horstmann, Esquire, hereby certify that on this 22nd day of June, 2005, a copy of the foregoing motion was served, electronically upon David Tobin and Nancy Ru, Assistant United States Attorneys, United States Attorneys Office, One Courthouse Way, Boston, MA 02210.

Peter Charles Horstmann, Esquire

5