UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
UNITED STATES            )
                         )
v.                       )
                         )
                         )   Criminal No.: 04 CR 10319 WGY
Noel Hernandez,          )
                         )
        Defendant.       )
_____)

## DEFENDANT HERNANDEZ'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPPRESS IN-COURT AND OUT-OF-COURT IDENTIFICATIONS

NOW COMES the Defendant, Noel Hernandez, ("Hernandez"), through counsel, and respectfully supplements his motion to suppress in-court and out-of-court identifications.

In *United States v. Concepcion*, 983 F.2d 369, 377-380 (2nd Cir. 1992), the Second Circuit squarely addressed the constitutional implications of suggestive identification procedures. In so doing the Court held that a defendant's right to Due Process includes the right not to be the object of a subjective police identification that creates "a very substantial likelihood of irreparable misidentification." *Id.* at 377 quoting *Simmons v. United States*, 390 U.S. 377, 384 (1968). This constitutional principle is equally applicable to both show-ups and photographic identifications. *Id.* The practice of showing suspects "singly" for the purpose of identification has been widely condemned. *Id.*; *Stovall v. Denno*, 388 U.S. 93, 302 (1967). Extenuating circumstances may justify a

1

show-up, e.g. the victim is dying, however there is no justification for a show-up where a witness is taken to the hospital for non-critical injuries. *Id.*; *Joshua v. Maggio*, 674 F.2d 376 (5th Cir. 1982). The fairness of a photographic array depends on a number of factors including the size of the array and the manner of the presentation by the officers and the array's contents. *Id.* In the instant case, Francisco Navarro was shown a single photograph of the Defendant with a substantially larger individual also depicted in the photograph. It was obviously suggestive given the fact that Navarro had already described the Defendant as being short. In *Concepcion,* the Court concluded that a hospital-identification was overly suggestive. *Id.* at 378. Accordingly, the suppression of the out-or-court identification of the photograph is mandatory under the existing case law.

    The second and more difficult question for the Court to decide is whether an in-court identification should be permitted based upon independent reliability. *Id.* There appears to be a paucity of case law addressing situations analogous to the instant case where one co-defendant has identified another defendant as being involved in the criminal conduct. The First Circuit dealt with an analogous situation in *United States v. DeJesus-Rio*, 990 F.2d 672, 675 (1st Cir. 1993), in which the captain of a boat, in which 10 boxes of cocaine were shipped, identified a woman who he said delivered the boxes to him. Obviously, the captain had some criminal exposure at the time he identified her at a contrived show-up. *Id.* The First Circuit held that the show-up was suggestive and that the identification at trial was *not* otherwise reliable. *Id*. at 677-78. Although the Court focused on inconsistencies in the captain's prior description of the woman and his delay

in making the identification at the show-up, it is clear that the Court was concerned with the motivations of the captain and a second witness to make a positive identification.

In *United States v. Gordon*, 425 F.2d 208, 210-11 (E.D.Pa. 1977), the Court was faced with a situation in which a cooperating witness identified the defendant as the seller of the drugs. In *Gordon*, the defendant was presented with a photo array of three photographs. Unfortunately, the defendant in *Gordon*, never moved to suppress the identification prior to trial and the matter came before the Court in a motion for a new trial. *Id.* at 211. The Court concluded that even if the pre-trial identification had been suggestive, there was nothing to record to suggest that the co-defendant's in-court identification of the defendant was influenced by the suggestive pre-trial identification. *Id.* However, unlike the instant case, the Court was able to make the following findings regarding the relationship between the co-defendant and the defendant: (1) she previously knew the defendant and made arrangements with him for the sale of drugs to an undercover agent; (2) she brought the undercover agent to the defendant and introduced them; (3) the undercover agent was able to identify the defendant as the person who sold him the drugs. *Id.* None of the foregoing factors exist in the instant case.

It is respectfully submitted that based on the foregoing analysis and the conduct of the law enforcement officers in the instant case, the Government ought to be held to a higher burden when presenting proposed in-court identifications of alleged co-conspirators. Unlike the unbiased witness to a crime, a co-defendant facing substantial prison penalties for an offense would be motivated to lie about an identification in order

to curry favor with law enforcement. As a result, law enforcement should be required to obtain details of the co-defendants alleged prior relationship with the defendant prior to conducting an identification procedure that runs the risk of tainting a subsequent in-court identification. Even more compelling in the instant case was the obvious innocent explanation for the Defendant's presence at the scene of the crime and association with Navarro. *United States v. Morales-Madera*, 352 F.3d 1, 12 (1st Cir. 2003)(mere association with coconspirators, or mere knowledge of criminal activities is insufficient to establish guilt).

Alternatively, this Court is requested to conduct a non-suggestive identification procedure prior to any in-court identification of the Defendant.

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley Street
Boston, Massachusetts 02116
(617) 859-9999

Attorney for Defendant
Noel Hernandez

**CERTIFICATE OF SERVICE**

I, Peter Charles Horstmann, Esquire, hereby certify that on this 2nd day of March, 2005, a copy of the foregoing DEFENDANT HERNANDEZ'S MOTION TO SUPPRESS IN-COURT AND OUT-OF-COURT IDENTIFICATIONS AND INCORPORATED MEMORANDUM OF LAW was served electronically upon Nancy Rue, Assistant United States Attorney, United States Attorneys Office, One Courthouse Way, Suite 9200, Boston, MA 02210 and David G. Tobin, Assistant United States Attorney, United States Attorneys Office, One Courthouse Way, Suite 9200, Boston, MA 02210.

Peter Charles Horstmann, Esquire