UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | CASE NO. 04CR10319WGY |
| v. | ) | |
| | ) | |
| NOEL HERNANDEZ | ) | |
| | ) | |

**MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING
THE ALLEGED POSSESSION OF AN ILLEGAL SUBSTANCE
AND INCORPORATED MEMORANDUM OF LAW**

NOW COMES the Defendant, Noel Hernandez, through counsel, and respectfully moves this Honorable Court to issue an order precluding the Government from introducing any and all evidence at trial regarding a Massachusetts state charge of possession of a Class B substance, which is pending against the Defendant. In support thereof, counsel states the following:

**I.   BACKGROUND**

At the time he was detained at Logan Airport by law enforcement officers in the instant case, a very small quantity of cocaine was found in the Defendant's wallet folded inside a dollar bill. The Defendant was charged in East Boston District Court with this crime. He is charged in this case with importation of heroin.

**II.   ARGUMENT**

A.   **EVIDENCE OF THE ALLEGED POSSESSION OF COCAINE IS IMPROPER CHARACTER EVIDENCE.**

The Court must exclude evidence underlying the state court's possession of cocaine charge. Under the Federal Rules of Evidence, character "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity

1

therewith" unless the evidence has special relevance to an issue in the case, such as opportunity, knowledge, or plan. Fed. R. Evid. 404(b). The evidence "must not include bad character or propensity as a necessary link in the inferential chain." *United States v. Varoudakis*, 233 F. 3d 113, 118 (1st Cir. 2000). Furthermore, the probative value of the evidence must not be "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403. Evidence is unfairly prejudicial if it "invites the jury to render a verdict on an improper emotional basis." *Varoudakis*, 233 F.3d at 122. Evidence of bad acts is admissible on a conspiracy charge if it tends to suggest a criminal association. *See United States v. Tse*, 375 F.3d 148, 155-56 (1st Cir. 2004). Evidence of a bad act that is direct proof of the crime charged need only meet the requirements of Rule 403. *See United States v. McGuire*, 389 F.3d 225, 229 (1st Cir. 2004).

     State law enforcement officers allegedly found a small quantity of cocaine within a dollar bill inside Hernandez's wallet. The officers uncovered no other contraband in his possession. The alleged conduct does not directly suggest the intent to import heroin or demonstrate the existence of a conspiratorial agreement. Compare *United States v. McGuire* at 229 (armed invasion in response to drug theft was direct proof of drug conspiracy). The alleged act likewise fails to have special relevance in tending to prove opportunity, knowledge, or a plan concerning the importation of heroin or any aspect of the alleged collaboration. In fact, the evidence is irrelevant to the federal charges and a highly prejudicial distraction focusing solely on bad character. A jury would very likely improperly associate Hernandez with the propensity to deal in illegal narcotics based on this evidence. As a result, the alleged cocaine possession would unfairly confuse the issues while contributing nothing of probative value to the substantive aspects of the case. This evidence must be deemed inadmissible.

B.    **EVIDENCE OF THE ALLEGED POSSESSION CANNOT BE USED TO IMPEACH HERNANDEZ IF HE TESTIFIES.**

If Hernandez testifies at trial, the evidence of the unconvicted possession charge cannot be used to impeach him. Impeachment by conviction of the accused under Rule 609 is possible "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect" or if the crime "involved dishonesty or false statement, regardless of the punishment." Fed. R. Evid. 609(a). Hernandez has not been convicted on the state offense. If he is convicted before trial, the Court should still exclude the conviction. Possession of cocaine does not necessarily involve dishonesty or a false statement. *Cf. United States v. Sullivan*, 85 F.3d 743, 752 n.5 (1st Cir. 1996) (for theft to be a crime of dishonesty, it must involve some element of deceit, untruthfulness, or falsification); *United States v. Grandmont*, 680 F.2d 867, 871 (1st Cir. 1982) (similar reasoning for robbery). There is no indication here that Hernandez engaged in deception, such as attempting to hide the alleged substance from the officer. Furthermore, the probative value of this evidence does not outweigh the prejudicial effect of having the jury greatly influenced by a contemporaneous drug conviction. *See United States v. Footman*, 33 F.Supp.2d 60, 61-63 (D.Mass. 1998).

Specific instances of the conduct may be inquired into on cross-examination concerning the witness' character for truthfulness or untruthfulness. Fed. R. Evid. 608(b). Following on the Rule 609 reasoning above, the possession charge does not implicate Hernandez's character for untruthfulness. *See also United States v. Corrales*, 19 F.3d 1427 (1st Cir. 1994); *United States v. Fortes*, 619 F.2d 108, 118 (1st Cir. 1980).

Accordingly, neither Rule 608 nor Rule 609 are implicated and there is no valid reason to impeach Hernandez based on the alleged conduct.

### III.  CONCLUSION

Based on the foregoing arguments and authorities, this Honorable Court is respectfully urged to preclude the Government from introducing evidence at trial concerning the alleged possession of cocaine and the state court charge of possession of a controlled substance.

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
PARTRIDGE, ANKNER & HORSTMANN
200 Berkeley St., 16th Floor
Boston, Massachusetts 02116

### CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 28th day of June, 2005, a copy of the foregoing MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING THE ALLEGED POSSESSION OF AN ILLEGAL SUBSTANCE AND INCORPORATED MEMORANDUM OF LAW was served electronically upon Nancy Rue, Assistant United States Attorney, United States Attorneys Office, One Courthouse Way, Suite 9200, Boston, MA 02210 and David G. Tobin, Assistant United States Attorney, United States Attorneys Office, One Courthouse Way, Suite 9200, Boston, MA 02210.

Peter Charles Horstmann, Esquire