UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| UNITED STATES ) | |
| ) | |
| v. ) | |
| ) | |
| ) | Criminal No.: 04 CR 10319 WGY |
| Noel Hernandez, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT NOEL HERNANDEZ'S EMERGENCY MOTION FOR PRODUCTION OF FRANCISCO NAVARRO'S PSYCHIATRIC RECORDS, TO CONTINUE TRIAL AND RENEWED MOTION TO SUPRESS IN-COURT AND OUT-OF-COURT IDENTIFICATIONS AND INCORPORATED <u>MEMORANDUM OF LAW</u>**

NOW COMES the Defendant, Noel Hernandez, through counsel, and respectfully moves this Honorable Court to issue an order compelling the Government to produce any and all records relating to Francisco Navarro's psychiatric history, to continue the trial date and renewed motion for suppression of in-court and out-of-court identifications. In support thereof, Counsel states the following:

1. Francisco Navarro is the only witness who will testify for the Government at trial that the Defendant was involved in the alleged drug conspiracy.

2. Navarro will testify pursuant to a plea agreement with the Government.

3. On June 28, 2005, the Government disclosed to the undersigned counsel, the contents of Navarro's luggage when he arrived at Logan Airport on July 13, 2004.

4. The luggage contained dozens of documents in Spanish, which will take one to two weeks to have translated.

5. Two documents in the luggage refer to the involuntary commitment of Francisco Navarro to a psychiatric hospital pursuant to a court order from Puerto Rico issued on February 15, 2004. (See Exhibit 1, attached hereto).

6. The undersigned counsel will provide a notarized translation of these two documents when they become available.

7. The involuntary commitment of Francisco Navarro four months prior to his arrest in this case raises serious concerns about his credibility at the upcoming trial and at the suppression hearing which was held on June 24, 2005.

8. To date, no records have been produced regarding the specifics of Francisco Navarro's psychiatric history, except correction institution records relating to a suicide attempt while in custody at Walpole.

9. Evidence regarding the prior condition of mental instability of a witness that provides some significant help to the jury in its efforts to evaluate the witnesses ability to perceive or recall events or to testify accurately is relevant. *United States v. Butt*, 955 F.2d 77, 82-83 (1st Cir. 1992).

10. The general rule is that the jury, within reason, be informed of all matters affecting the witnesses credibility. *United States v. Partin*, 493 F.2d 750 (5th Cir. 1974)(reversible error to exclude evidence of voluntary admission a few months before events about which witness testified); *In re Hiss*, 542 F.Supp. 973, 993 (S.D.N.Y. 1982)(Government's key witness was psychopathic and disposed to bouts of deception, misrepresentation, and false accusations); *United States v. Linstrom*, 698 F.2d 1154, 1164-65 (11th Cir. 1983)(witness chronically misinterpreted words and actions of others).

11. In *Butt*, the First Circuit endorsed this Court's *in camera* review and relevancy determination as to witness' psychiatric records. *Id*. at 84.

12. This Court ultimately disclosed the most salient portions of the psychiatric report to defense counsel. *Id.* at 85.

13. Moreover, in the instant case, the Government has disclosed that the Navarro's prior suicide attempt was motivated by threats he received within the institution, which he attempts to attribute to Hernandez.

14. Navarro's earlier psychiatric hospitalization may explain his suicide attempt and cast his explanation in a different light also affecting his credibility.

15. The Defendant is unable to obtain Navarro's psychiatric records on his own without a Release from Navarro.

16. Given Navarro's psychiatric history, and his crucial role in this case, it is essential that the Defendant be given access to Navarro's psychiatric records, or at a minimum that the Court conduct an *in camera* review.

17. It will be impossible for the Government or the Court to obtain these medical records prior to the current trial date and have them translated and reviewed prior to trial.

18. It will also be impossible for the Defendant to translate the remaining documents, which were disclosed for the first time on June 28, 200, before trial.

19. Depending on the actual psychiatric condition affecting Navarro, the Defendant may seek to obtain the services of an expert witness to explain the effect of Navarro's condition on his conduct in this case.

20. Given this revelation about Navarro's mental condition, the Defendant respectfully renews his Motion to Suppress the In-Court and Out-of-Court Identifications, which was denied by the Court on June 24, 2005.

WHEREFORE based on the foregoing arguments and authorities this Honorable Court is respectfully urged to order the Government to produce any and all psychiatric records relating to Francisco Navarro, continue the trial date and suppress the in-court and out-of-court identifications.

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley Street
Boston, Massachusetts 02116
(617) 859-9999

Attorney for Defendant
Noel Hernandez

**CERTIFICATE OF SERVICE**

I, Peter Charles Horstmann, Esquire, hereby certify that on this 29th day of June, 2005, a copy of the foregoing DEFENDANT NOEL HERNANDEZ'S EMERGENCY MOTION FOR ADDITIONAL DISCOVERY was served electronically upon Nancy Rue, Assistant United States Attorney, United States Attorneys Office, One Courthouse Way, Suite 9200, Boston, MA 02210 and David G. Tobin, Assistant United States Attorney, United States Attorneys Office, One Courthouse Way, Suite 9200, Boston, MA 02210.

Peter Charles Horstmann, Esquire