UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | Criminal No.: 04 CR 10319 WGY |
| Noel Hernandez, | ) | |
| | ) | |
| Defendant. | ) | |

_____)

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>**

## Instruction No. 1

### Duties of the Jury

Ladies and gentlemen:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial I will give you more detailed instructions.  Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts.  You will hear the evidence, decide what the facts are, and then apply those facts to the law I give you.  That is how you will reach your verdict.  In doing so you must follow that law whether you agree with it or not.  The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

First Circuit Pattern Jury Instruction 1.01, Criminal Cases (1997).

## Instruction No. 2

### Nature of Indictment; Presumption of Innocence

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented at this trial by an assistant United States attorney, Mr./Ms._____.  The defendant, Noel Hernandez, is represented by his attorney, Mr. Peter Horstmann.

Mr. Hernandez has been charged by the government with violation of four federal laws. He is charged with one count of conspiracy to import heroin and two counts of  aiding and abetting in the illegal importation of heroin.  The charges against Mr. Hernandez are contained in the indictment.  The indictment is simply the description of the charges against Mr. Hernandez; it is not evidence of anything.  Mr. Hernandez pleaded not guilty to the charges and denies committing the crimes.  Mr. Hernandez is presumed innocent and may not be found guilty unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

First Circuit Pattern Jury Instruction 1.02, Criminal Cases (1997).

**Instruction No. 3**


**Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following:

      (1) the witness's ability to see or hear or know things the witness testifies to;

      (2) the quality of the witness's memory;

      (3) the witness's manner while testifying;

      (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

      (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and

      (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

First Circuit Pattern Jury Instruction 1.06, Criminal Cases (1997).

**<u>Instruction No. 4</u>**

**Duty of the Jury to Find Facts and Follow Law**

It is your duty to find facts from all the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single some out and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said of done, any suggestions by me as to what verdict you should return -  that is a matter entirely for you to decide.

First Circuit Pattern Jury Instruction 3.01, Criminal Cases (1997).

## Instruction No. 5

### Presumption of Innocence; Proof Beyond a Reasonable Doubt

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt.  The presumption is not a mere formality.  It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and the require the acquittal of a defendant.  The defendant before you, Noel Hernandez, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Noel Hernandez is guilty of the crimes with which he is charged beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence.  Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settles conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture.  If, for example, you view the evidence in the case as reasonably permitting either of two conclusions - one that a defendant is guilty as charged, the other that the defendant is not guilty - you will find the defendant not guilty.

It is not sufficient for the government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true.  That is not enough to meet the burden of proof beyond a reasonable doubt.  On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a particular charge against Noel Hernandez, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether Noel Hernandez is guilty of a particular offense, you must give Mr. Hernandez the benefit of the doubt and find him not guilty of that offense.

This instruction is based upon First Circuit Pattern Jury Instruction 3.02, Criminal Cases (1997), and United States v. Cleveland, 106 F.3d 1056, 1062-63 (1st Cir. 1997).

## **Instruction No. 6**

### **Defendant's Constitutional Right Not to Testify**

Noel Hernandez has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that Noel Hernandez did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

First Circuit Pattern Jury Instruction 3.03, Criminal Cases (1997).

## **Instruction No. 7**

### **What is Evidence; Inferences**

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witnesses; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and Mr. Hernandez accept the truth of a particular proposition of fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact even though nothing more was said about it one way or the other.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.  You are permitted to draw from facts that you find to have been proven such reasonable inference as you believe are justified in the light of common sense and personal experience.

First Circuit Pattern Jury Instruction 3.04, Criminal Cases (1997).

**Instruction No. 8**

**Kinds of Evidence; Direct and Circumstantial**

There are two kinds of evidence:  direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.  You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

First Circuit Pattern Jury Instruction 3.05, Criminal Cases (1997).

## <u>Instruction No. 9</u>

### Cautionary and Limiting Instructions as to
### Particular Kinds of Evidence

A particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

First Circuit Pattern Jury Instruction 3.07, Criminal Cases (1997).

**Instruction No. 10**

**What is Not Evidence**

Certain things are not evidence.  I will list them for you:

(1)  Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statement, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3)  Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

(5)     The indictment is not evidence.  This case, like most criminal case, began with an indictment.  You will have that indictment before you in the course of your deliberations in the jury room.  That indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that Mr. Hernandez has had an indictment filed against him is no evidence whatsoever of his guilt.  The indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this court.  The indictment proves nothing.

First Circuit Pattern Jury Instruction 3.08, Criminal Cases (1997).

## Instruction No. 11

### Foreperson's Role; Unanimity

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict must be unanimous.

First Circuit Pattern Jury Instruction 6.01, Criminal Cases (1997).

## Instruction No. 12

### Consideration of Evidence

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

First Circuit Pattern Jury Instruction 6.02, Criminal Cases (1997).

**Instruction No. 13**

**Reaching Agreement**

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try.  There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficultly in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

First Circuit Pattern Jury Instruction 6.03, Criminal Cases (1997).

## <u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 14</u>

### Credibility of Eyewitness Identification

One of the most important issues in this case is the identification of the defendant as the perpetrator of the crime. The Commonwealth has the burden of proving identity, beyond a reasonable doubt. It is not essential that the witness himself be free from doubt as to the correctness of his statement. In fact, the identifying witness, might honestly have been mistaken in his identification of the defendant. Despite the witnesses' certainty, you the jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant before you may convict him. If you are not convinced beyond a reasonable doubt that the defendant was the person who committed the crime, you must find the defendant not guilty.

Identification testimony is an expression of belief or impression by the witness. Its value depends on the opportunity the witness had to observe the offender at the time of the offense and to make reliable identification later.

In appraising the identification testimony of a witness, you should consider the following:

Are you convinced that the witness had the capacity and an adequate opportunity to observe the offender?

Whether the witness had an adequate opportunity to observe the offender at the time of the offense will be affected by such matters as how long or short a time was available, how far or close the witness was, how good were lighting conditions, whether the witness had occasion to see or know the person in the past.

Are you satisfied that the identification made by the witness subsequent to the offense was the product of his own recollection? You may take into account both the strength of the identification, and the circumstances under which the identification was made, and whether the witness' description or memory has changed after time.

If the identification by the witness may have been influenced by the circumstances under which the defendant was presented to him for identification, you should scrutinize the identification with great care. You may also consider the length of time that lapsed between the occurrence of the crime and the next opportunity of the witness to see defendant, as a factor bearing on the reliability of the identification.

You may take into account that an identification made by picking the defendant out of a group of similar individuals is generally more reliable than one which results from the presentation of the defendant alone as a witness.

You may take into account any occasions in which the witness failed to make an identification of defendant, or made an identification that was inconsistent with his identification at trial.

Finally, you must consider the credibility of each identification witness in the same

16

way as any other witness, consider whether he is truthful, and consider whether he had the capacity and opportunity to make a reliable observation on the matter covered in his testimony.

I again emphasize that the burden of proof on the prosecutor extends to every element of the crime charged, and this specifically includes the burden of proving beyond a reasonable doubt the identity of the defendant as the perpetrator of the crime with which he stands charged.  If, after examining the testimony, you have a reasonable doubt as to the accuracy of the identification, you must find the defendant not guilty.

Commonwealth v. Cuffie, 414 Mass 632, 609 N.E. 2d 437, 441-442 (1993).
Commonwealth v. Francis, 390 Mass. 89, 453 N.E.2d 1204, 1210 (1983).
Commonwealth v. Rodriguez, 378 Mass. 296, 391 N.E.2d 889, 897 (1979).
Eyewitness Testimony, Elizabeth F. Loftus and James M. Doyle, (2nd Edition 1992), §12.07, pp. 368-369.

# JURY INSTRUCTION NO. 15

### Eyewitness Testimony to be Viewed With Caution

Eyewitness testimony has been received in this trial for the purpose of identifying the defendant as the person who committed the crime(s) charged.  The law recognized that eyewitness identification is not always reliable, and that cases of mistaken identity have been known to occur.  You should, therefore, view eyewitness identification testimony with caution, and evaluate it carefully in light of the factors I shall discuss.

Commonwealth v. Francis, supra at 1210.
Eyewitness Testimony, supra, at 368.

## <u>JURY INSTRUCTION NO. 16</u>

### Mere Presence at Crime Scene

The Defendant can be convicted for his own unlawful conduct; not that of any other person.  Thus, in order to obtain a conviction on this indictment, the prosecution must prove beyond a reasonable doubt that the defendant actually participated in the commission of the crime charged.  Mere presence at the scene of the crime, and even failure to take affirmative steps to prevent the crime, does not render a person liable as a participant.  The fact that a person leaves an area where an unlawful act has occurred is not enough to convict him as a participant in that act.  A suspicion or conjecture on your part that the Defendant may have been a participant in the crime charged is not enough for a conviction.  You may find him guilty if, and only if, you find beyond a reasonable doubt that he actually participated in the crime charged.  Unless you find such proof beyond a reasonable doubt, you must return a verdict of not guilty.

<u>Commonwealth v. Richards</u>, 363 Mass. 299, 306, 293 N.E.2d 854, 859 (1973).
<u>Commonwealth v. Fancy</u>, 340 Mass. 196, 200, 207 N.E.2d 276, 279 (1965).
<u>Commonwealth v. Benders</u>, 361 Mass. 704, 707-708, 282 N.E.2d 405, 407-408 (1972)
<u>Commonwealth v. Chinn</u>, 6 Mass.App.Ct. 714, 716, 383 N.E.2d 90, 92 (1978).
<u>Commonwealth v. Amaral</u>, 13 Mass.App.Ct. 238, 241, 431 N.E.2d 941, 944 (1982).
<u>Commonwealth v. Spina</u>, 1 Mass.App.Ct. 805, 805-806, 294 N.E.2d 500-501 (1973).
<u>Bailey v. United States</u>, 416 F.2d 1110, 1114-1115 (D.C. Cir. 1969).

## <u>JURY INSTRUCTION NO. 17</u>

### Jury Cannot Convict on Basis of Association

In order to hold the defendant criminally responsible for the acts of others, the prosecution must first prove beyond a reasonable doubt that he intentionally assisted the principal in the commission of the crime.  Second, the prosecution must also prove beyond a reasonable doubt that he shared with the principal the mental state, or intent, required for that crime.  Evidence that the defendant knew the other person(s) charged with the crime, or that he was with that (those) person(s) before, during or after the incident giving rise to these charges, without more, is not enough evidence for a conviction.  Our law does not permit a finding of guilty by **association**.

<u>Commonwealth v. Perry</u>, 357 Mass. 149, 151 256 N.E.2d 745, 747 (1970).
<u>Fancy</u>, <u>supra</u>, at 200, 207 N.E.2d at 279.

## <u>ALTERNATIVE JURY INSTRUCTION NO. 1</u>

### "Mere Presence," Mere Knowledge" and "Mere Association"

Merely being present at the scene of a crime or merely knowing that a crime is being committed or is about to be committed is not sufficient conduct to find that the Defendant committed that crime. Mere association between the principal and those accused of aiding and abetting or conspiracy is not sufficient to establish guilt.

In order to find the defendant guilty of the crime, the government must prove beyond a reasonable doubt that Defendant knowingly participated in the crime in some way – more than as a mere spectator – and had a stake in the outcome.

<u>United States v. Aponte-Suarez</u>, 905 F.2d 483, 491 (1st Cir. 1990) (evidence of mere presence and mere association insufficient to establish guilt on conspiracy and aiding and abetting charges where principals accused of importation of narcotics).

<u>United States v. Morales-Madera</u>, 352 F.3d 1, 12 (1st Cir. 2003).

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley Street
Boston, Massachusetts 02116
(617) 859-9999

Attorney for Defendant
Noel Hernandez

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 15th day of July, 2005, a copy of the foregoing DEFENDANT'S PROPOSED JURY INSTRUCTIONS was served electronically upon Nancy Rue, Assistant United States Attorney, United States Attorneys Office, One Courthouse Way, Suite 9200, Boston, MA 02210 and David G. Tobin, Assistant United States Attorney, United States Attorneys Office, One Courthouse Way, Suite 9200, Boston, MA 02210.

Peter Charles Horstmann, Esquire

22