UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES | ) ) ) | CASE NO. 04CR10319WGY |
| v. | ) ) |  |
| NOEL HERNANDEZ | ) ) |  |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE
THE GOVERNMENT FROM INTRODUCING ADDITIONAL
<u>CELL PHONE CALLER LOCATION RECORDS</u>**

NOW COMES the Defendant, Noel Hernandez, through counsel, and respectfully moves this Honorable Court to issue an Order precluding the Government from introducing additional cell phone records relating to the location of the Defendant's cell phone when certain phone calls were made and/or received. In support thereof, counsel states the following:

1.     The undersigned counsel was first notified in open court on July 22, 2005, at approximately 1:00 pm, after the fifth day of the instant jury trial that the Government planned to introduce additional cell phone records relating to the location of certain calls which are coded on the Defendant's cell phone toll records which the Court has marked as Exhibits 21A and 21B.[1]

2.     The Government has proffered that these new records show that the Defendant's cell phone was in New York on May 23, 2004, which is somewhat corroborative of its witness Francisco Navarro.

---

[1] The Parties stipulated to the admission of Exhibit 21A. The stipulation included the fact that all toll calls from July 8, 2004 to July 13, 2004 were from Boston. The newly offered evidence does <u>not</u> effect the earlier stipulation.

1

3. The Defendant has not received any copies of these records, or proffered statements of witnesses, and is presently unable to investigate the substance of this evidence.

4. Additionally, the Defendant has been prejudiced by the lack of prior notice, before trial commenced, in order to plan his defense strategy.

5. In particular, defense counsel organized his cross-examination of Francisco Navarro around the three trips to New York City that Mr. Navarro took in the six-week period leading up to the offense alleged in the instant case all the while planning to argue in close that there is no evidence that the Defendant was in New York.

6. The undersigned counsel asked Navarro repeated questions relating to his statements that Hernandez made certain wire transfers for him paying off his debts all the while planning to argue in close that there is no evidence that the Defendant was in New York.

7. The undersigned counsel also made inquiry into Navarro's false statements to the Government about the location of the apartment in the Bronx, inferring that Navarro had given these false statements to allow the occupants of the apartment a reasonable time to vacate, not knowing that this inference could later be used by the Government to argue that Hernandez benefited from Navarro's false statements.

8. The general purpose of this strategy was to demonstrate that Navarro was part of a New York drug trafficking network that had no links at all to the Defendant and well before July 13, 2004.

9. The newly proffered evidence undermines this strategy by suggesting a link between the Defendant and Navarro's New York drug activities.

10. It is respectfully submitted that the undersigned counsel would not have engaged in such aggressive questioning of Mr. Navarro about New York if he had been notified that there was at least some evidence in the Government's possession, which indicated that the Defendant's cell phone was in New York on relevant dates.

11. The deadline for discovery was many months ago.

12. Accordingly, the Government's last minute disclosure of this information violates the Court's pretrial Order pertaining to discovery and the Defendant has been prejudiced by a lack of notice in order to prepare to meet this evidence at trial.  See *United States v. Kouri-Perez*, 47 F.Supp.2d 166 (D. Puerto Rico 1999).

13. There is no remedy the Court can craft which would cure the aforementioned strategic decisions which would severely prejudice the Defendant if the evidence were admitted.

14. This is trial by ambush even if the Government did not intentionally delay in disclosing the evidence.

WHEREFORE, based on the foregoing arguments and authorities this Honorable Court is respectfully urged to issue an order precluding the Government from introducing the foregoing records at trial.

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
PARTRIDGE, ANKNER & HORSTMANN
200 Berkeley St., 16th Floor
Boston, Massachusetts 02116
(617) 859-9999

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 22nd day of July, 2005, a copy of the foregoing DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT FROM INTRODUCING ADDITIONAL CELL PHONE CALLER LOCATION RECORDS was served electronically upon Nancy Rue, Assistant United States Attorney, United States Attorneys Office, One Courthouse Way, Suite 9200, Boston, MA 02210 and David G. Tobin, Assistant United States Attorney, United States Attorneys Office, One Courthouse Way, Suite 9200, Boston, MA 02210.

Peter Charles Horstmann, Esquire

4