UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| v. | ) | | |
| NOEL HERNANDEZ | ) | | |
| Defendant | ) | No. | 04-10319-WGY |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
REGARDING CELLULAR TELEPHONE RECORDS**

Defendant has moved to exclude cellular telephone records, asserting that they were not timely disclosed. This is not accurate. The records, tendered to the Court as Exhibit 21, and currently marked as Exhibits 21A and 21B, were sent to defendant in *February 2005*, well before disclosure was required. These records have been equally available to defendant and the government for months – there is no surprise here in the introduction of these records.

Prior to trial, the parties had agreed to stipulate to the admissibility of the records that are now at issue. During trial last week, defendant objected to the introduction of a portion of the records which the government believed had been the subject of agreement, asserting that that portion of the records was irrelevant and prejudicial. At that juncture, the Court split exhibit 21, which had been tendered by the government, into exhibits 21A (July 8- July 14) and 21B (May 19-July 7), and admitted the undisputed portion, 21A, into evidence. The government then attempted to show the relevance of the records (21B) that were tentatively not admitted through its subsequent questioning of witness Chris Diorio. During that questioning, the government specifically noted that entries on June 20, 2005, appeared to show that the defendant was in Bridgeport CT and Rochelle NY on that date. Subsequent investigation has now shown that other entries *in these same records* also show that defendant traveled to New York. See Ex.

21B, Entries 1453 - 1481.[1] The witness whom the government now intends to call has simply helped the government interpret records that have been in the possession of the defense for *months* regarding the issue which was highlighted in open court during the testimony of Special Agent Diorio: to show that these records prove that defendant's cell phone was in fact in New York at the time that co-defendant Navarro states that he met with defendant in the Bronx.

There has been no sandbagging by the government with respect to this issue. Counsel for both parties agreed to stipulate to the admissibility of the telephone records. Counsel for the government was surprised to learn of any dispute regarding the admissibility of a portion of the records – all of which had been sent to defendant at the same time, as a single unit – and investigated further in order to show the relevance of the records, which had been characterized by defendant as irrelevant (and prejudicial due to their volume).

This evidence is relevant and its exclusion would be prejudicial to the government. Accordingly, the government respectfully requests that the court deny defendant's motion.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

By:    /s/ Nancy Rue
    DAVID G. TOBIN
    NANCY RUE
    Assistant U.S. Attorneys

---

[1] See, e.g., Entry 1480, Columns 6-7 "System25, Switch 503"; Entry 1456 Columns 6-7 "CT 58 81 Bridgeport 500"; Entry 1454, Columns 6-7 System 7, Switch 200."