```
 1              UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MASSACHUSETTS
 2
                                        Criminal No.
 3                                      03-10289-WGY

 4
     * * * * * * * * * * * * * * * *
 5                                  *
     UNITED STATES OF AMERICA       *
 6                                  *
     v.                             *   TRIAL TRANSCRIPT
 7                                  *      (Volume 6)
     ROBERT COPPOLA                 *
 8                                  *
     * * * * * * * * * * * * * * * *
 9

10

11
            BEFORE:  The Honorable William G. Young,
12                   District Judge, and a Jury

13

14

15   APPEARANCES:

16       DICKENS MATHIEU, Assistant United States Attorney,
     1 Courthouse Way, Suite 9200, Boston, Massachusetts
17   02210, on behalf of the Government

18
         SWOMLEY & ASSOCIATES (By John G. Swomley, Esq.),
19   227 Lewis Wharf, Boston, Massachusetts 02110, on behalf
     of the Defendant
20

21

22

23
                                      1 Courthouse Way
24                                    Boston, Massachusetts

25                                    May 10, 2004
```

```
 1              THE CLERK:  Court is in session, please be seated.
 2              Calling Criminal Action 03-10289, the United
 3   States v. Robert Coppola.
 4              THE COURT:  Please be seated.  And good morning.
 5              MR. MATHIEU:  Good morning, your Honor.
 6              THE COURT:  Mr. Swomley, why don't you start.
 7              MR. SWOMLEY:  Your Honor --
 8              THE COURT:  You think I should tell the jury that
 9   it means cocaine.
10              MR. SWOMLEY:  Well, your Honor, if you abide by
11   your own ruling which is that once decided you're not going
12   to revisit previously decided legal questions, then you've
13   already decided it, and I quoted from the language that you
14   gave --
15              THE COURT:  If I've ever said that that's a
16   misstatement of the law.  I have to revisit things.  If --
17   what I think you're talking about is once I send the jury
18   out I can't call them back in to advise them if I think
19   about a matter afresh, and that is the law.
20              But they've asked a specific question, it's my
21   duty to answer the question, and I am going to answer it
22   and my mind is open on it.
23              So knowing that, what do you say?
24              MR. SWOMLEY:  Well, knowing that, your Honor, I
25   say that you, you have in fact answered it in your initial
```

1  instruction which I lay out on the first page of my
2  response, or my proposed answer to the jury. And reading
3  from Page, or Line 13 of the charge, the charge at Page 22:
4  And on the telephone charge the government's got to prove
5  the following things in pretty much the following order.
6  First, that there was a conspiracy to distribute cocaine.
7          THE COURT: Indeed, I did say that. Right.
8          MR. SWOMLEY: Now, on this charge they don't have
9  to prove Mr. Coppola was part of it but they've got to
10 prove it existed.
11         So my view is that you have already done, you've
12 already submitted this to the jury and that's, I mean,
13 that's the initial question.
14         If you conclude that that's not the case then I
15 would submit that in fact the government is wrong both as
16 to the applicability of the case that they cite, the --
17         MR. MATHIEU: Collazo.
18         MR. SWOMLEY: -- Collazo case, both as to
19 conspiracy and as to facilitation. And I'll deal first
20 with --
21         THE COURT: Well, it's the facilitation that
22 we're --
23         MR. SWOMLEY: Right.
24         THE COURT: -- talking about here.
25         MR. SWOMLEY: Facilitation, your Honor, I cited a

1  number of cases and I reviewed even a number, I gave you
2  several cases and I reviewed a number more. It's my
3  understanding from review of that body of case law that
4  indeed the government does have to prove that, that there
5  is a conspiracy to distribute cocaine.
6       THE COURT: But don't these cases stand for the
7  proposition that in a case such as this which is pleaded as
8  this case is, if the jury comes back, something I didn't
9  tell them, if the jury comes back not guilty on conspiracy,
10 and since the facilitation counts key into that conspiracy,
11 they must come back not guilty as to the facilitation
12 counts. That's all these cases say.
13      MR. SWOMLEY: No, actually that's, the first one
14 stands for the proposition. That's the one --
15      THE COURT: Yes, that's the Hannah case.
16      MR. SWOMLEY: Right. The Hannah case. I'm not
17 suggesting that --
18      THE COURT: I'm not there yet.
19      MR. SWOMLEY: Right. No, you're not there yet.
20 But I thought that one was quite illustrative of what we,
21 what has been created here as the subset issue with respect
22 to what the government has to prove or what the
23 government's actually even trying to prove. What the
24 government has indicted is a conspiracy to distribute
25 cocaine.

1          THE COURT:  Indeed.

2          MR. SWOMLEY:  And what they're trying now to back

3    away from, at least as to Mr. Coppola, and not as to any of

4    the others, mind you, and you're going to try this case in

5    September where they're going to be firmly saying this is a

6    cocaine conspiracy.

7          THE COURT:  And indeed it appears from the one

8    witness that they have some evidence of that.

9          MR. SWOMLEY:  Right.  But I haven't conceded, and

10   I think your Honor has focused in on the weakness in their

11   case at this point as to whether or not they have indeed --

12         THE COURT:  Let me hear from Mr. Mathieu.

13         Mr. Mathieu, your argument depends entirely on the

14   argument you made to amend the jury instruction stating the

15   Collazo case where the First Circuit holds that where a

16   conspiracy to distribute a certain type of drug is indicted

17   it is not necessary that a member of that conspiracy know

18   the specific drug but only that the person know that the

19   conspiracy is to distribute drugs.  That is the law in the

20   First Circuit.  I've acknowledged that.

21         Now, that doesn't deal with the facilitation

22   charge.  Here on the facilitation charge the superseding

23   indictment specifically alleges, with specificity, that the

24   facilitation was to facilitate a conspiracy to distribute

25   cocaine.

```
 1          Now, neither one of you cite a Second Circuit case
 2   United States v. Wozniak which deals with a facilitation
 3   charge where it was not, as Hannah was, a not guilty on the
 4   conspiracy but guilty on the facilitation, but where,
 5   arguably more similar to this case, what happened was the
 6   government put in evidence of a marijuana conspiracy having
 7   indicted a cocaine and methamphetamine conspiracy and the
 8   Second Circuit reversed, though there was a guilty verdict
 9   on the facilitation charge.
10          I give you those facts since you haven't cited
11   them.  Why is that case not persuasive authority here?
12          MR. MATHIEU:  Well, in doing, in conducting my
13   research, your Honor, I did run a couple, across a couple
14   of cases where, where the government had charged a
15   particular drug and proven another one and those
16   convictions were upheld.  I don't know what the outcome was
17   in --
18          THE COURT:  In Wozniak it wasn't.
19          MR. MATHIEU:  Well -- okay.  Well, the bottom --
20          THE COURT:  And I would -- isn't that a
21   constructive amendment of the indictment?
22          MR. MATHIEU:  Well, that's not this case here
23   though, your Honor.  I mean, I think we're getting too far
24   afield of what the issue is here, which is the government
25   charges three counts against the defendant.  All three
```

```
 1   counts are relating to a conspiracy to distribute cocaine.
 2   And that's what we specifically pled in our indictment.
 3           THE COURT:  Right.
 4           MR. MATHIEU:  The jury's question I think opens up
 5   the government, opens up the issue raised in the
 6   government's motion to amend which is --
 7           THE COURT:  You think so but I don't.
 8           MR. MATHIEU:  All right, even if it doesn't, your
 9   Honor --
10           THE COURT:  Let's just talk about the facilitation
11   charge.
12           MR. MATHIEU:  Even if it doesn't, the facilitation
13   refers to a specific underlying charge.  And the underlying
14   charge is not distribution, your Honor, it's conspiracy to
15   distribute.  The fact that --
16           THE COURT:  Cocaine.
17           MR. MATHIEU:  The fact that cocaine is cited as a
18   specific drug is a pleading requirement that's required
19   under 841(b).  841(a) which deals with the substantive
20   offenses such as distribution, possession with intent to
21   distribute, manufacturing, et cetera, that's all controlled
22   under Collazo-Aponte which says that the government does
23   not have to show that the defendant knew that it was a
24   specific drug.
25           THE COURT:  Collazo-Aponte deals with a conspiracy
```

1  charge and I follow it.  I'm persuaded by Wozniak and I'm
2  going to charge that they have to find that there was a
3  underlying conspiracy to distribute cocaine.
4          MR. MATHIEU:  Your Honor?
5          THE COURT:  Your rights are saved.  Bring in the
6  jury.
7          MR. MATHIEU:  Your Honor, what about the other
8  cases that are cited in the government's brief,
9  specifically in Footnote 3, particularly United States v.
10 Hussein which is a First Circuit case.
11         THE COURT:  Just a moment.  They have to do with,
12 those have to do with distribution.  This is a telephone
13 count where you have to prove the specific underlying,
14 underlying charge.  You've alleged the charge.  You have to
15 prove it.
16         THE CLERK:  All rise for the jury.
17         (Whereupon the jury entered the courtroom at 9:12
18 a.m.)
19         THE CLERK:  Court is in session, please be seated.
20         (Whereupon the Court and the Clerk conferred.)
21         THE COURT:  Good morning, ladies and gentlemen.
22         THE JURY:  Good morning.
23         THE COURT:  Thank you again, as I have throughout
24 the entire trial, for your promptness.
25         Let the record show the twelve deliberating jurors

```
 1   and the two alternates are present in the jury room.
 2            On your oath as jurors since we recessed at 5:00
 3   p.m. on Friday afternoon, have any of you heard, read or
 4   seen anything at all concerning the substance of this case?
 5   Have you discussed the substance of this case with anyone?
 6   Has anyone discussed the substance of this case with you?
 7            To the deliberating jurors, have you discussed the
 8   substance of this case in any way with the alternates, and
 9   to the alternates, have you discussed the substance of this
10   case with the deliberating jurors?
11            THE JURY:  No.
12            THE COURT:  The jury answers in the negative.
13            I'll simply read the question that I took under
14   advisement on Friday:  In charges No. 2 and 3 do we need to
15   find evidence to support the, quote, distribution of
16   cocaine, close quote, specifically, or, quote, the
17   distribution of drugs, close quote.
18            I make this answer to that question.  In the
19   telephone charges, 2 and 3, the government specifically
20   alleged, that is, their indictment alleges that the charge
21   is that the telephone was used to further a drug
22   trafficking charge, to wit, in other words, specifically
23   distribution of cocaine.  Conspiracy to distribute cocaine.
24   That's what the government charged and that's what the
25   government has to prove.  That's my answer to the question.
```