UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
          v.                      )     Criminal No. 04-10319-WGY
                                  )
NOEL HERNANDEZ                    )
          Defendant               )

### GOVERNMENT'S MOTION FOR SUPPLEMENTAL JURY INSTRUCTION

During the course of the deliberations in the above-captioned case, the jury delivered to the Court at least four questions pertaining to whether Noel Hernandez, Francisco Navarro, and Cesar Mercedes had to know that the drugs being imported were heroin, as opposed to an unspecified controlled substance.[1]  In response to the jury's first two questions, the Court instructed the jury that the government had charged a specific agreement to import heroin, and as a result, if the jury had a reasonable doubt that the defendant knew the controlled substance was heroin the defendant could not be convicted of conspiracy.  With regard to the importation count, the Court instructed the jury that under the theory of aiding and abetting the defendant may be convicted even if the defendant did not know

---

[1]The jury questions undoubtedly arise out of the testimony of Mercedes that he did not know that the illegal drug he smuggled into the United States was heroin.  Additionally, Navarro testified that he did not learn that the drugs he smuggled into the United States were heroin until after his arrest in Boston.

that the controlled substance was heroin.  The United States respectfully requests that the Court instruct the jury that with respect to both the conspiracy and the importation charges, the government need only prove that the defendant knew the offenses involved a controlled substance, not that the defendant knew the drugs were, in fact, heroin.

### Argument

This Honorable Court (Young, C.J.) was confronted with much the same issue in <u>United States v. Robert Coppola.</u>[2]  In <u>Coppola</u>, the defendant and others were charged, *inter alia,* with *conspiring* to distribute cocaine and cocaine base, both Schedule II controlled substances.  During deliberations, the jury delivered a note to the Court asking if they needed to find evidence to support the "'distribution of cocaine' <u>or</u> the 'distribution of drugs?'".  *See* Transcript, Attached as Exhibit 1.  The jury's question specifically concerned charges alleging that the defendants intentionally used a communication facility in committing, causing, and facilitating the distribution of cocaine.

During the exchange between the Court and counsel prior to responding to the jury's question, the Court distinguished between conspiracy and facilitation.  In addressing the Assistant

---

[2]  The trial in <u>United States v. Robert Coppola</u> began on May 3, 2004 and concluded on May 10, 2004.

2

United States Attorney, the Court stated "your argument depends entirely on the argument you made to amend the jury instruction stating the Collazo case where the First Circuit holds that where a conspiracy to distribute a certain type of drug is indicated it is not necessary that a member of that conspiracy know the specific drug but only that the person know that the conspiracy is to distribute drugs.  That is the law in the First Circuit. I've acknowledged that."[3]  *See* United States v. Robert Coppola Trial Transcript [hereinafter referred to as "Coppola Transcript"] (Volume 6), page 5, attached hereto as Exhibit 2.

The Court went on to distinguish facilitation from conspiracy and ultimately instructed the jury that in order to convict the defendants on the facilitation counts, they had to find a "[c]onspiracy to distribute cocaine."  The Court added "[t]hat's what the government charged and that's what the government has to prove."  *See* Coppola Transcript (Volume 6), page 9.

At a post-trial hearing, the Court acknowledged that it "gave a charge to the jury that in one respect was more favorable to Mr. Coppola than the law required... But, in any event, I acknowledge that it is not part of the government's burden to prove knowledge on the part of Mr. Coppola of the specific drug

---

[3] The Court's referenced United States v. Collazo-Aponte, 281 F.3d 320 (First Circuit, 2002).

that is involved." *See* <u>United States v. Robert Coppola</u> Motion Transcript dated September 22, 2004, pages 2 and 3.

Accordingly, as the Court acknowledged in the <u>Coppola</u> matter, the government's requested instruction is required under the law. First Circuit case law dictates that the government need not prove a specific drug type in order to establish a conspiracy involving controlled substances.

The answer to the jury's question is cleanly and unequivocally supplied in a drug conspiracy case by the First Circuit in <u>United States v. Woods</u>, 210 F.3d 70, 77 (1st Cir. 2000). In <u>Woods,</u> the defendant asserted that the jury could not conclude that he knowingly and intentionally conspired and attempted to possess with the intent to distribute cocaine, because (he alleged) there was not evidence that he knew it was cocaine. The First Circuit rejected that argument. The Court noted that:

> it is apparent that the appellant relies on the mistaken premise that the government must prove [defendant's] knowledge that the controlled substance at issue was cocaine. <u>That, however, is not the state of the law</u>. We have previously held that the government need only prove that the defendant had knowledge that he was dealing with a controlled substance, not that he had knowledge of the specific controlled substance.

<u>United States v. Woods</u>, 210 F.3d at 77 (emphasis supplied)(citing cases, including <u>United States v. Kairouz</u>, 751 F.2d 467, 469

4

(1st. Cir. 1985)).

Woods is wholly consistent with First Circuit conspiracy jurisprudence which manifests that a given conspirator need not know all the details of or all the objectives of a plan in order to be guilty of a valid conspiracy. United States v. Llinas, 373 F.3d 26, 30-31 (1st. Cir. 2004). Instead, with regard to mental state, the government must simply prove two types of intent: the intent to agree (i.e., to form a conspiracy) and the intent to commit [or facilitate or further] the substantive offense. Id. See also United States v. Nelson-Rodriguez, 319 F.3d 12, 27 (1st Cir. 2003) (listing elements of a drug conspiracy).

The defendant suggests that the question is one of constructive amendment. A constructive amendment occurs when the court admits evidence regarding an offense that the grand jury did not charge. United States v. Fornia-Castillo, 408 F.3d 52, 66 (1st Cir. 2005) (quoting United States v. Dunn, 758 F.2d 30, 35 (1st Cir. 2005)). There has been no constructive amendment in this case. The indictment alleges heroin offenses. The evidence at trial pertained to heroin offenses.

The defendant further alleges that any change in the jury instructions would constitute a variance. A variance occurs "when the facts proved at trial are different than those alleged in the indictment." United States v. Green, 346 F.Supp.2d 259, 335 (D.C. Mass. 2004) (quoting United States v. Tormos-Vega, 959

F.2d 1103, 1115 (1st Cir. 1992) (quoting <u>United States v.</u>
<u>Flaherty</u>, 668 F.2d 566, 582 (1st Cir. 1981)); <u>see also</u> <u>United</u>
<u>States v. Fornia-Castillo</u>, 408 F.3d 52, 66 (1st Cir. 2005)
(holding variance "occurs when the charging terms remain
unchanged but when the facts proved at trial are different from
those in the indictment").

The government's proposed jury instructions would not result
in a variance, because the evidence presented does not differ
from what the indictment alleges.  The indictment alleges a
conspiracy, the object of which was to import heroin.  As noted
above, in First Circuit jurisprudence, an indictment alleging a
controlled substance offense need not specify the controlled
substance.  Where the indictment alleges a specific controlled
substance [i.e. heroin], the First Circuit has held that the jury
may convict even if the defendant is unaware of the specific
nature of the controlled substance.  In essence, an indictment
alleging a heroin offense may be proved if the jury finds
sufficient evidence to support a conviction of a controlled
substance violation.

The jury's question in this case – and the proof of the
wisdom of the on this issue – arises out of the stunning lack of
interest that two of the co-conspirators in this matter, Navarro
and Mercedes, showed in what types of drugs were involved.
Despite the fact that they knowingly ingested more than a dozen

"eggs" of drugs each, and despite their clear testimony that they knew that the eggs were in fact drugs, both smugglers testified to a lack of knowledge that the drugs were in fact heroin. It was not, according to their testimony, that they were misled or misinformed or confused. They simply were not particularly interested in finding out what it was. However, the fact that these two smugglers had no interest if what drug was involved does not change the fact that they clearly, and indeed, based on the testimony about the telephone calls, expressly, formed an agreement to import drugs into the United States, and it does not change the fact that the drugs that were imported were in fact heroin. Under <u>Woods</u>, that is all that is required to prove conspiracy: they need not learn that the drugs were heroin.[4]

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                    By:    /s/David G. Tobin and Nancy Rue
                              DAVID G. TOBIN
                              NANCY RUE
                              Assistant U.S. Attorneys

---

[4] The government respectfully notes that there was also evidence from which the jury could conclude that the conspiracy involved numerous additional persons, many of whom the jury could infer knew exactly what the drugs were. Two persons were present in the Dominican Republic, providing the smugglers with the drugs to ingest. Four persons were named as being at the meeting in New York, for a total of six persons other than the smugglers and the defendant. A jury could infer that these persons, who were involved in the financial aspects of the heroin importation, knew which drug they had shipped or purchased.