UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES | ) | |
| | ) | CASE NO. 04CR10319WGY |
| v. | ) | |
| | ) | |
| NOEL HERNANDEZ | ) | |
| | ) | |

**DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AND/OR FOR NEW TRIAL AND INCORPORATED MEMORANDUM OF LAW**

NOW COMES the Defendant, Noel Hernandez, through counsel, and respectfully moves this Honorable Court to enter a Judgment of Acquittal pursuant to Fed.R.Crim.P., Rule 29(c) and/or to grant him a New Trial pursuant to Fed.R.Crim.P., Rule 33(a). In support thereof, counsel states the following:

1.  On or about October 14, 2004, Noel Hernandez was indicted and charged with importation of heroin in violation of 21 U.S.C. § 952(a) and conspiracy to import heroin in violation of 21 U.S.C. § 963.

2.  On or about July 18, 2005, a trial commenced in the instant matter.

3.  At trial, the Government introduced evidence of a heroin importation scheme through the testimony of cooperating witnesses.

4.  On or about July 26, 2005, the Jury began its deliberations.

1

5. On or about July 26, 2005, the deliberating Jury posed the following question to the Court:

> For either charge does the Defendant have to have knowledge of what specifically is coming into the country?
>
> Does he have to know what drug it is?
>
> Is the charge specifically heroin, or any drug?

6. The Court initially indicated its inclination to tell the Jury the answer to their questions was "Yes.". (*See* Exhibit 1, page 2, lines 6-11).

7. The Court then allowed both sides a brief opportunity to research the issue and held a hearing on whether to answer the Jury's question.

8. Counsel for Hernandez argued that to allow the Jury to convict based upon another theory and/or drug would amount to a constructive amendment of the Indictment. (*See* Exhibit 1, page 11, lines 12-21; page 15, lines 8-14).

9. However, at the Government's suggestion, and over the Defendant's objection, the Court charged the Jury that they could return a verdict based upon either cocaine or heroin as to the substantive charge of importation of heroin. (*See* Exhibit 1, page 18).

10. However, the Court instructed the Jury with respect to the conspiracy charge that they were required to find that the Defendant agreed on the specific drug and that the only drug there was evidence of at trial was heroin.

11. Indeed, the Court noted at the Hearing that there was no evidence at trial of any drug other than heroin (*See* Exhibit 1, page 3, line 20), and no mention of any other drugs in the Indictment (*See* Exhibit 1, page 2, line 7).

12. Nonetheless, the Court instructed the Jury that it could return a verdict of guilty as to the importation of heroin charge if the Jury found that either heroin or cocaine was imported by the Defendant. (*See* Exhibit 1, page 19, line 5).

13. The Judge further instructed the Jury that they could not convict the Defendant unless he specifically agreed with another individual to import heroin. (*See* Exhibit 1, page 18).

14. On July 27, 2005, the Defendant filed the Defendant's Motion to Re-instruct Jury on Jury Question No. 2 to Correct Constructive Amendment of Indictment and Incorporated Memorandum of Law, arguing that a constructive amendment had occurred when the Judge erroneously instructed the Jury that they could return a verdict based upon evidence which was neither charged in the Indictment nor introduced at trial.

15. At a hearing on the Defendant's motion, the Court agreed, stating that the instruction given the previous afternoon was in error and that the Judge would correct the error. (*See* Exhibit 2, attached hereto, page 12, lines 14-21).

16. However, the Instruction given by the Judge compounded the error by changing the Instruction on the conspiracy charge to permit the Jury to convict Mr. Hernandez of conspiracy if they found that he had conspired to import a "serious drug," **but never corrected its error with respect to the importation of heroin charge.**

17. As a result, the Jury was left with the mistaken impression that it could convict the Defendant if it believed that he had engaged in the importation of cocaine and conspired to import a serious drug. This instruction amounted to a constructive amendment of the Indictment.

18. Counsel for Hernandez objected to the Judge's revised charge.

19. The Judge refused to modify his charge.

20.     Approximately 30 minutes after giving this Instruction, the Jury returned a verdict of guilty as to all counts.

21.     Pursuant to Fed.R.Crim.P., Rule 29(c) this Court may enter a judgment of acquittal after the discharge of the jury.

22.     Pursuant to Fed.R.Crim.P., Rule 33(a) this Court may vacate any judgment and order a new trial if the interest of justice so requires.

## ARGUMENT

A.     THE JUDGE'S ERRONEOUS INSTRUCTIONS AMOUNTED TO A CONSTRUCTIVE AMENDMENT OF THE INDICTMENT

In response to Jury Question No. 2, the Court instructed the jury in general that with respect to the substantive count of illegal importation of heroin they could find the Defendant guilty if they found beyond a reasonable doubt that the Defendant aided and abetted or imported heroin or **cocaine** into the Untied States. This instruction amounted to a constructive amendment of the indictment and is therefore, *per se* unconstitutional and the Defendant need not show prejudice. *United States v. Wozniak*, 126 F.3d 105, 110 (2d Cir. 1997)(constructive amendment occurred when court instructed jury that they could convict defendant of marijuana conspiracy not charged in the indictment). Although the Court recognized its error, and claimed that it was going to correct its error, (Exhibit 2, p.12, lines 14-16), it did not. The Court gave the jury an instruction on conspiracy and never went back and corrected its mistaken instruction as to the substantive charge of importation of cocaine. The jury was left with an instruction on the substantive count that it could convict for an uncharged and unproven drug.

Additionally, in the instant case there was no variance. The Government charged the Defendant with heroin in the indictment and introduced evidence consistent with the Indictment at trial. A "variance" occurs when the facts charged differ from the facts proved. *Haines v. Risley*, ____ F.3d___, 2005 WL 1491470 (1st Cir. 6/24/05)(substantial confusion exists as to what is a variance and what is a constructive amendment). The Court's instruction allowed the jury to find facts not submitted to the Grand Jury and not proven by the Government at trial. In this case, the Defendant could be prosecuted for a cocaine importation substantive indictment without jeopardy attaching despite the identical nature of the proof. As a result, the Defendant in this case is presented with a worse predicament than in *Wozniak*, because not only was there no notice of a cocaine substantive charge or conspiracy, but there was no proof at trial. Unlike *Wozniak*, the penalties for cocaine are far more serious than for marijuana. Accordingly, the Jury was improperly allowed to convict Hernandez of an unproven amount of cocaine or other drug and this Court must enter a judgment of acquittal. Alternatively, a new trial is mandated in the interest of justice based upon the Court's erroneous instructions.

      B.     THE COURT'S RELIANCE ON *UNITED STATES v. WOODS* WAS MISPLACED WHERE THE INDICTMENT WAS SPECIFIC, AND THE GOVERNMENT ALLEGED A SUPERVISORY ROLE

The Court's supplemental instruction on July 27, 2005, was erroneous for the same reasons set forth above. The Government charged a heroin conspiracy and submitted evidence of only a heroin conspiracy and that is what the Government was required to prove beyond a reasonable doubt. *Wozniak* 126 F.3d at 110. Any other drug, whether serious or not, amounted to a constructive amendment.

The Government also alleged that Hernandez was a supervisor of not more than five persons in its Indictment. It is impossible for the Jury to have concluded that Hernandez did not know the identity of the drug imported and was a supervisor. In *United States v. Woods*, 210 F.3d 70 (1st. Cir. 2000), relied on by the Court in giving its responses to Jury Question No. 2, there was no allegation that the Defendant occupied a supervisory position. As a result, the jury was left to conclude that Hernandez could occupy a supervisory position with knowledge of the type of drugs.

The same analysis applied when the Court agreed to modify its aiding and abetting charge at defense counsel's request to instruct the jury that it could not convict Hernandez as a supervisor if it found him to have aided and abetted. Assuming that the Jury followed the Court's instructions, they did not convict Hernandez on an aiding and abetting theory. As a result, they must have convicted him on a conspiracy theory in which he had a supervisory role, but no knowledge of the drug. Accordingly, the Court's instruction amounted to a constructive amendment of the Indictment. Alternatively, the Court's erroneous instruction so confused the jury that in the interest of justice a new trial is warranted.

C. THE COURT ERRED IN FAILING TO GIVE A "MERE KNOWLEDGE" INSTURCTION

Counsel for Hernandez requested a "mere knowledge" instruction be given to the jury in his Proposed Jury Instructions. The Court did not give the requested charge and counsel did not object. However, following Jury Question No. 2, counsel requested a "mere knowledge" instruction be given to the Jury. (Exhibit 2, pages 17-18). The Court refused. A defendant's mere knowledge of the conspiracy's activities is not sufficient to establish guilt. *United States v. Morales-Madera*, 352 F.3d 1, 12 (1st. Cir. 2003). Given the jury's request for guidance on how

6

to determine the impact of what it believed Hernandez knew, it was error for the Court to fail to instruct on "mere knowledge." Accordingly, in the interest of justice a new trial is warranted.

      D.      THE COURT ERRED IN COMMENTING ON EVIDENCE OF MEETING IN NEW YORK AS BASIS FOR A CONSPIRACY

On July 27, 2005, in attempting to clarify its prior instruction on conspiracy the Judge improperly drew the jury's attention to a "meeting in New York" as a potential basis for a meeting of the minds. (Exhibit 2, page 19, lines 23-24). The only evidence at trial of a meeting in New York was the testimony of Francisco Navarro which was hotly contested and which defense counsel urged the jury to disregard in its entirety. Therefore, the Judge's comment bolstered Navarro's credibility and focused the jury's attention on testimony they may previously have disregarded.

There are limitations on a trial judge's comments to prevent the judge from assuming the role of witness, misleading the jury or distorting evidence. *United States v. Rosario-Perulta*, 199 F.3d 552 (1st. Cir. 1999). In the instant case, the Judge improperly focused the jury's attention on a contested portion of the evidence, thereby giving it greater credibility to the detriment of Hernandez. Accordingly, in the interest of justice a new trial is warranted.

WHEREFORE, based on the foregoing arguments and authorities this Honorable Court is respectfully urged to enter a judgment of acquittal for the Defendant, or in the alternative grant the Defendant a new trial.

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
PARTRIDGE, ANKNER & HORSTMANN
200 Berkeley St., 16th Floor
Boston, Massachusetts 02116
(617) 859-9999

**CERTIFICATE OF SERVICE**

I, Peter Charles Horstmann, Esquire, hereby certify that on this 2nd day of August, 2005, a copy of the foregoing DEFENDANT'S MOTION FOR JUDGEMENT OF ACQUITTAL AND/OR FOR NEW TRIAL was served electronically upon Nancy Rue, Assistant United States Attorney, United States Attorneys Office, One Courthouse Way, Suite 9200, Boston, MA 02210 and David G. Tobin, Assistant United States Attorney, United States Attorneys Office, One Courthouse Way, Suite 9200, Boston, MA 02210.

Peter Charles Horstmann, Esquire