1

1              UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MASSACHUSETTS
2
                                    Criminal No.
3                                   04-10319-WGY

4
     * * * * * * * * * * * * * * * * *
5                                    *
     UNITED STATES OF AMERICA        *
6                                    *   TRIAL TRANSCRIPT
     v.                              *     (Volume 8)
7                                    *
     NOEL HERNANDEZ                   *
8                                    *
     * * * * * * * * * * * * * * * * *
9

10
              BEFORE:   The Honorable William G. Young,
11                       District Judge

12

13

14   APPEARANCES:

15          DAVID TOBIN and NANCY RUE, Assistant United
          States Attorneys, 1 Courthouse Way, Suite 9200,
16        Boston, Massachusetts 02210, on behalf of the
          Government
17
                LAW OFFICES OF PARTRIDGE, ANKNER &
18        HORSTMANN, LLP (By Peter C. Horstmann, Esq.),
          200 Berkeley Street, 16th Floor, Boston,
19        Massachusetts 02116, on behalf of the Defendant

20

21          GABRIEL HADAD and DEBORAH HUACUJA, Court
          Interpreters


                    Page 1

072705 frt.txt

```
22

23

24                                          1 Courthouse Way
                                             Boston, Massachusett
s
25
                                             July 27, 2005
```

2

```
1                    PROCEEDINGS - 8:56 A.M.

2

3          THE CLERK:  All rise.  Court is in session, pl
ease

4     be seated.

5          THE COURT:  Good morning, counsel.  We have tw
o

6     problems.  The first is a juror problem.  One of our ju
ror's

7     wife is in the emergency room.

8              THE CLERK:  Mr. Westberry.

9              THE COURT:  Mr. Westberry.  Can we identify hi
m on

10    the jury?

11             THE CLERK:  Yes.  He sits in the second to the
 last

12    row in the first seat.

13             THE COURT:  All right.  You mean the last row
--
```

14              THE CLERK:  Second --

15              THE COURT:  -- second to the last seat.

16              THE CLERK:  I mean second to the last seat in the

17      first row.  I'm all right.

18              THE COURT:  In the first row.  All right.

19              THE CLERK:  He sits right here.  No. 6.

20              THE COURT:  Yes.  All right.

21              THE CLERK:  He's the tall man with the glasses.

22              THE COURT:  So we recognize the juror.  His wife is

23      in the emergency room.  I don't know why.

24              He's with her.  Cell phones won't work in the

25      hospital.  We've told him to be available to be contacted by

                                                                3

1       the Court at ten minutes after 9:00.  I propose to discharge

2       him.

3               Let's start first with that.  I propose to

4       discharge him.  I have no reason to believe this is not a

5       genuine emergency or that he left for some reason having to

6        do with the deliberations.  Is --

7                (Whereupon the Court and the Clerk conferred.)

8                THE COURT:  Is there any objection?

9                MR. TOBIN:  None from the government, your Honor.

10               THE COURT:  Mr. Horstmann?

11               MR. HORSTMANN:  No, your Honor.

12               THE COURT:  Very well.  He is discharged and

13       Ms. Smith may tell him.

14               Now, the question is what to do.  Consistent with

15       my charge and my preferred practice, I can send in the first

16       alternate.  The first alternate is Ms. Kieval, the lady --

17       there are two alternates, one in the first row and one in

18       the second.  This would be the first row.  And I would

19       instruct her to -- I would instruct them all to commence

20       their deliberations afresh.

21               That's what I prefer.  I have done it.  It's

22       perfectly appropriate.  The Rules of Criminal Procedure also

23       allow a jury to continue with eleven.  Now we're down to

24       eleven.  Once they're deliberating.  I prefer to send in an

```
25      alternate and have them start again and will so order.
 But
```

```
                                                          4
```

```
 1      I'll hear you.

 2              Any objection to that?

 3              MS. RUE:  No, your Honor.  No.

 4              THE COURT:  Mr. Horstmann?

 5              MR. HORSTMANN:  No objection to sending in an

 6      alternate, your Honor.

 7              THE COURT:  That's how we will proceed.

 8              Now, we haven't got them all yet.  So that's h
ow

 9      we're going to proceed.

10              Let's go to the second issue.  I -- let me rum
inate

11      simply to set up for oral argument.  Here I really need
 oral

12      argument.

13              I've read both briefs and I've read them with
care.

14      I've had enough time to check United States v. Woods.
It

15      says exactly what the government says it says.  It's

16      properly cited and it's properly cited in context.
```

17          I will tell you I find the government's brief very

18     persuasive.  I obviously thought in the Coppola case about

19     what I was doing before I said those things that I said post

20     trial whatever I had done in the heat of trial.

21          I -- that's one point.  I find the government's

22     brief very persuasive.

23          There is no evidence here other than heroin.

24     There's no evidence of cocaine.  Mr. Horstmann's reference

25     to Rule 29 also resonates with the Court.  You all

5

1     understand I'm not making rulings.  I'm trying to get you

2     set for oral argument.

3          But the law in the First Circuit is that

4     conspirators, and for substantive crimes, the offenders have

5     to know that they're dealing with drugs.  I'm also struck

6     by, the statute of indictment speaks of Schedules I and II.

7     Well, Schedules I and II have a recipe of drugs, but, for

8    instance, they exclude marijuana.  If this were a marijuana

9    offense, and some other drugs, but I use marijuana as an

10   example, he cannot be convicted.  It's got to be a more

11   serious drug.  And that would be a fatal variance, and I

12   don't, I don't think the government disagrees with that.

13          And then to tee it really up, Ms. Smith comes in

14   shortly before we come on the bench and says what are you

15   going to do and I said I don't know.  I'm going to hear oral

16   argument.

17          And so, in an effort to be transparent, frequently

18   I come on the bench with a game plan, and oral argument can

19   dissuade me from that.  In all honesty I have no game plan.

20   I must and will adhere to the law.

21          It seems to me we're talking about the state of

22   mind of Mr. Hernandez.  Now, if he agreed -- and to me --

23   we'll start with conspiracy.  If he agreed with others to

24    deal in serious drugs like heroin, which may be the

25    appropriate thing to say, and then, and it doesn't have
to

6

1    be Navarro, it can be the unnamed people who are mentio
ned

2    in the testimony, then he can be found guilty of conspi
racy.

3    If he agreed to aid or abet serious drugs -- well, the
other

4    theory is conspiracy -- then he can be found guilty of

5    actual importation of serious drugs.  And I would know
they

6    had a reasonable doubt as to whether it was heroin if t
hey

7    leave that blank.  And I will say that.  I've said enou
gh.

8         Argument which suggests to me what I should sa
y to

9    the jury will be helpful.  I'll hear the government fir
st.

10         MS. RUE:  Your Honor, you had instructed the j
ury

11    previously that if there were to be an alternate you wo
uld

12    tell them stop your deliberations, start over from the

13    beginning.

14              THE COURT:  And I will.

15              MS. RUE:  The fact that we now have an alterna
te

16      gives this a perfect opportunity to start with a clean

17      slate.  And I believe, your Honor, at this point you te
ll

18      them to stop their deliberations, set aside out of thei
r

19      mind what they have deliberated on previously, and I pr
opose

20      at this point you provide them with the instructions th
at we

21      provided the Court.

22              THE COURT:  Well, let's --

23              MS. RUE:  Straight out of the First Circuit co
urt

24      case law.

25              THE COURT:  All right, now, let's see here.  W
ell,

                                                              7

1       you properly cite Woods.  And let's take -- well, I

2       propose -- I'm with that subject to Mr. Horstmann's swe
rving

3       me off it.  And I'm with the second two proposals, the
cases

4       cited.  But Woods, which I grant you they said it this
way

5    and they said it in this context, it's not -- the language

6    you want from Woods I can't, I don't think I can go there

7    because it encompasses marijuana.  And you didn't indict

8    marijuana.  In your broadest sense you indicted Schedules I

9    and II.  That's what you did.  But giving them a litany of

10    the drugs won't help because there's only evidence of heroin

11    here.  Maybe he didn't know heroin but he knew he had a

12    serious controlled substance.  It would have to -- that's

13    the language I'm, I'm, I'm groping toward, a serious, not

14    that marijuana, you know, isn't serious, but in the common

15    parlance we think of marijuana as a less dangerous drug and

16    the penalties reflect that.

17         So, suppose I gave Woods, I don't want to say need

18    only prove, that Mr. Hernandez had knowledge that he was

19    dealing with a serious controlled substance, not that he had

20    knowledge of the specific controlled substance, in this

072705f.txt

21     case, heroin.  You're okay with that?

22             MS. RUE:  Yes, your Honor, the government would be

23     satisfied.

24             THE COURT:  Yes.  All right, Mr. Horstmann, for

25     discussion purposes that's where I am.


                                                              8


1              MR. HORSTMANN:  Well, I sort of came in this

2      morning prepared to complain if you hung me with a new rope.

3      But be that as it may, I think -- I haven't read Woods so

4      you have me at a disadvantage.  Every other case that I

5      looked at on constructive amendment last night, and I looked

6      at quite a few, quite a few, and the Second Circuit seems to

7      have wrestled with this issue quite a bit in terms of the

8      drug of conviction versus the drug of charge.  In every

9      other case there was some evidence presented at trial of the

10     other drug.  And the argument was whether the variance was

11     so significant as to prejudice the defendant's rights.  I

12    don't know how we can instruct this jury that they can
come

13    back on any other drug.

14         THE COURT:  We can't.  We can't.  That was err
or.

15    I'm backing off the mention of cocaine.  I will specifi
cally

16    instruct the only, now, here, the only evidence we have
at

17    all is evidence of heroin.  Whether you believe that or
not

18    is entirely up to you, but that's the only evidence we
have.

19    And, if you don't think that the, that the heroin was p
roved

20    beyond a reasonable doubt leave Question 3 blank.  One,
I'll

21    know that that's what they think then.  We'll deal with

22    sentencing if we ever get there.

23         MR. HORSTMANN:  The only other thing I would

24    suggest then, your Honor, is, I don't believe they have
the

25    indictment.  Do they?

9

1         THE COURT:  They do not.

2         MR. HORSTMANN:  And I think that might cure a

lot

3      of the questions that they had yesterday, but it also

4      creates some confusion because in your special verdict
form

5      I think you transposed --

6             THE COURT:  I didn't transpose.  I collapsed t
wo

7      counts.

8             MR. HORSTMANN:  Yes.  So, that's the only othe
r

9      suggestion I have.

10             THE COURT:  Any objection to sending in the

11      indictment and saying that it's not, it's not evidence
of

12      course, but this is what the government's specifically

13      charged.

14             MR. TOBIN:  Your Honor, ordinarily I would hav
e no

15      objection to sending in the indictment.  In this case I

16      would because of the fear of confusion because --

17             THE COURT:  I agree.  I'm not sending in the

18      indictment.  But Mr. Hernandez's rights are saved.  I t
hink

19      I'm ready.  If we -- why don't you step out and see if
we

20      have the jurors.

21             (Pause in proceedings.)

22          THE CLERK:  Are we ready?

23          THE COURT:  We are if you are.  And bring the

24     alternates here and then we'll move Ms. Kieval.

25          THE CLERK:  Okay.  All right.


10


1          MR. HORSTMANN:  Judge, may I be heard briefly
at

2     side bar before the jury comes in, there's something I

3     wanted to mention that I forgot.

4          THE COURT:  Let me fix the alternate business,
then

5     I'll hear you --

6          MR. HORSTMANN:  Okay.

7          THE COURT:  -- rather that just run to the sid
e bar

8     as soon as I have them in the courtroom.  I will hear y
ou

9     and then I'll give my charge.

10          THE CLERK:  All rise for the jury.

11          (Whereupon the jury entered the courtroom at 9
:10

12     a.m.)

13          (Whereupon the Court and the Clerk conferred.)

14          THE CLERK:  Court is in session, please be sea

ted.

15                THE COURT:  Good morning, ladies and gentlemen.

16                THE JURY:  Good morning.

17                THE COURT:  Let the record show that eleven of the

18        twelve deliberating jurors and the two alternates are

19        present in the courtroom.

20                Let me start as I said I would yesterday, and this

21        is very important, you are, each of you, on your oath as

22        jurors, including the alternates.

23                Since we recessed at 5:00 p.m. yesterday after noon,

24        have any of you, including the alternates, heard, read or

25        seen anything at all concerning this case?  Have you

11

1        discussed this case with anyone?  Have the deliberating

2        jurors discussed the substance of the case with the

3        alternates, or the alternates with the deliberating jurors?

4        Has anyone else discussed the substance of the case with any

5        of you?

6              THE JURY:  No.

7              THE COURT:  The jury and the alternates answer in

8       the negative.

9              All right.  We're missing Mr. Westberry.  He's at

10      the emergency room with his wife.  He's at the emergency

11      room with his wife not because she's been in an accident or

12      anything, but because she has been ill and wasn't responding

13      well, he wanted her in the hospital.  So they went to the

14      emergency room.

15             So the event which sometimes happens has now

16      happened, and we are going to substitute for Mr. Westberry

17      the first alternate, which is Ms. Kieval.

18             So, Ms. Kieval, why don't you go up and take your

19      seat in the jury box.

20             That has the effect, ladies and gentlemen, as I

21      told you at the outset of my charge that you start all over

22      again.  You just start from the beginning.  Don't say to

23      Ms. Kieval we think this.  Let her participate in the

24      deliberations.  She is equal to the rest of you.  Let h
er

25      participate in the deliberations and you start afresh.


                                                            12


1              I am ready to give you further guidance, but I
  need

2       to talk with the lawyers for just one moment.

3       SIDEBAR CONFERENCE, AS FOLLOWS:

4               THE COURT:  Yes, Mr. Horstmann?

5               MR. HORSTMANN:  Yes.  I had submitted an

6       instruction on mere knowledge which I did not press wit
h the

7       Court because I was happy with the association and --

8               THE COURT:  Right.

9               MR. HORSTMANN:  -- other parts of the Court's

10      charge.  But I think now given the fact that --

11              THE COURT:  Go ahead.

12              MR. HORSTMANN:  -- it appears they're focused
  on

13      knowledge, I will ask the Court to give a mere knowledg
e

14      instruction as well.

15              THE COURT:  Noted, but I'm satisfied with the

16     charge.

17            But in that regard, I have the charge now in

18     writing.  I propose to send the original charge in.  No

19     objection?

20            MR. HORSTMANN:  No objection.

21            MR. TOBIN:  No, your Honor.

22            THE COURT:  Very well.

23            (Whereupon the sidebar conference concluded.)

24            THE COURT:  Since we're starting afresh, I think

25     there are two additional things that properly I can do to

13

1      help you all.

2             First, Mr. Womack has prepared my charge in

3      writing.  So you will have the written charge there in the

4      jury room with you.  I've got to go over it, it will take me

5      a few minutes to check it out, but then we'll send it in.

6      And I greatly appreciate his efforts in that regard.

7             I do have some additional instructions in lieu of

8      directly answering your questions now that we're starti

072785 £.txt

ng

9      again.   I do have some additional instructions about wh
at

10     the government has to prove with respect to conspiracy
and

11     knowledge since the jury as originally constituted seem
ed to

12     be focusing on that.

13          These instructions start by focusing on Questi
on 2,

14     the conspiracy to import heroin.   The gist of a conspir
acy

15     is an agreement to disobey or disregard the law.   To pr
ove

16     conspiracy the government does not have to prove that a

17     co-conspirator knew all of the details of a plan or

18     participated in all of the objectives of a plan.   To pr
ove

19     conspiracy the government must prove beyond a reasonabl
e

20     doubt that Mr. Hernandez and at least one other

21     co-conspirator, if you think there was a conspiracy, on
e

22     other co-conspirator -- it may be Navarro, it could be
an

23     unnamed co-conspirator.   If you believe a meeting in Ne
w



24     York took place.   You have to believe these things beyo
nd a

25     reasonable doubt.  But if you do, it doesn't have to be a

14

1     witness, Mr. Navarro or Mr. Mercedes.  It could be another

2     person.  But the minds of Mr. Hernandez and that other

3     person must meet and they must agree, and here's the

4     language, they must agree, each one of them, that they are

5     going to conspire to import a serious controlled substance.

6     Not that they have knowledge of a specific controlled

7     substance, but the conspiracy has to be a conspiracy, an

8     agreement to import as I've defined it a serious controlled

9     substance.

10          Note the change from yesterday.  Yesterday I

11     mentioned another drug.  Cocaine.  Please strike that out.

12     And the reason is obvious.  There's no evidence about

13     cocaine here at all.  Don't start speculating about that.

14     There's no evidence in this case about cocaine.  There's no

15     evidence in this case about any drug but heroin.  And then

16    quite properly you may ask yourselves, because you're

17    focusing on Mr. Hernandez, did Mr. Hernandez know that it

18    was heroin.  For conspiracy there has to be an agreement

19    between Mr. Hernandez and at least one other conspirator

20    where each one of them knew that they were conspiring to

21    import a serious controlled substance.  Now, that includes

22    heroin.  It has other things, but I'm not going to mention

23    them.  Serious controlled substance is the concept.

24         If you have a reasonable doubt as to whether Mr.

25    Hernandez -- let's say you are convinced that he did

                                                              15

1    conspire and the conspiracy involved an agreement to import

2    a serious controlled substance, he may then be found guilty

3    of conspiracy.  He could be found guilty on the first charge

4    of aiding and abetting or by way of conspiracy found guilty

5    on the first charge.

6          Again, by saying that I want also to say, if you

7     have a reasonable doubt about any of those things he must be

8     found not guilty of those charges.  But if you have a

9     reasonable doubt about whether he knew that it was heroin

10    leave Question 3 blank.  We're not interested in quanties

11    if there's a reasonable doubt that he knew that that's what

12    it was.

13          Now, I think that those additional instructions are

14    sufficient under the circumstances.  As reconstituted, the

15    jury may retire to commence your deliberations afresh.  The

16    jury may retire.

17               THE CLERK:  All rise for the jury.

18               (Whereupon the jury left the courtroom at

19    9:20 a.m.)

20               MR. TOBIN:  Your Honor?

21               THE COURT:  Please be seated.  Yes?

22               MR. TOBIN:  In addition to the instructions that

23    have been typed up and transcribed from yesterday, would it

```
     24        be possible to have today's supplemental instructions s
ent

     25        in as well when they're complete to be --
```

                                                                    16

```
     1               THE COURT:  It would and that makes good sense
.

     2        It's just a functional matter and we'll lean on Mr. Wom
ack.

     3        When, when they're prepared and I have reviewed them th
ey

     4        may be sent in.

     5               MR. TOBIN:  Thank you.

     6               MR. HORSTMANN:  For the record, Judge, I objec
t to

     7        the instruction you just gave and it being sent in.

     8               THE COURT:  Since you had no objection to the
--

     9        oh, you just don't like the instruction the way I frame
d it.

     10              MR. HORSTMANN:  I don't like it.

     11              THE COURT:  Very well.  Your rights are saved.
     And

     12        I'm not so sure that objection is timely now that I let
     the

     13        jury go out.  But it's certainly timely as to sending i
n the
```

Page 23

```
14    supplementation and I am going to send in the

15    supplementation.  Your rights are saved.

16                 MR. TOBIN:  Your Honor, one additional matter.
  I

17    apologize.  Although unusual, I'm going to ask that the

18    Court consider revoking the conditions of the defendant
's

19    release during pendency of the deliberations.

20                 THE COURT:  That is unusual.  I have done it.
But

21    I decline to do that.

22                 MR. TOBIN:  Thank you.

23                 THE COURT:  He's been faithful in his attendan
ce on

24    the Court, and I don't think these questions suggest

25    anything particular, and indeed, I have a reconstituted
```

                                                              17

```
1     jury.

2                  MR. TOBIN:  Thank you, your Honor.

3                  THE COURT:  So the questions are of less momen
t.

4                  We'll recess.

5                  THE CLERK:  All rise.  Court is in recess.

6                  (Recess.)
```

```
 7                THE CLERK:  All rise for the jury.

 8                (Whereupon the jury entered the courtroom at

 9       10:17 a.m.)

10                THE CLERK:  Court is in session, please be sea
ted.

11                Madam Forelady, members of the jury, has the j
ury

12       reached a unanimous verdict?

13                THE FORELADY:  We have.

14                THE CLERK:  Please pass the verdict slip.

15                (Papers passed.)

16                THE COURT:  The verdict is in order, it may be

17       recorded.

18                THE CLERK:  Madam Forelady, members of the jur
y and

19       the alternate, please stand and listen to the verdict a
s

20       Court records it.

21                In the case of the United States of America v.
 Noel

22       Hernandez.

23                On the charge of importation of heroin, we fin
d

24       Noel Hernandez guilty.

25                On the charge of conspiracy to import heroin,
we
```

18

```
 1    find Noel Hernandez guilty.

 2              There is attributable to Noel Hernandez 874 gr
ams

 3    of heroin.

 4              Was Noel Hernandez an organizer and manager of
 a

 5    criminal enterprise involving less than five people?  Y
es.

 6              So say you, Madam Forelady, so say you, member
s of

 7    the jury?

 8              THE JURY:  Yes.

 9              THE CLERK:  Thank you.  Please be seated.

10              THE COURT:  Please be seated.

11              Ladies and gentlemen, I want to thank you.  I
thank

12    you not for your verdict.  I would thank you whatever y
our

13    verdict was.  I want to thank you for the care, the

14    attention, the courtesy, the promptness, your obvious

15    involvement in this case.

16              By your verdict you've spoken the truth about
these

17    charges.  You're now free to go and free to talk to any
one
```

    18    about anything having to do with this case.  In one res
pect,

    19    I urge you, I cannot charge you, but I urge you, now th
at

    20    you're at the end of your jury service, don't talk abou
t

    21    what went on in the jury room.  That's private to the t
welve

    22    of you.  Your verdict expresses your unanimous view.

    23        The litigants, the lawyers, no one can approac
h you

    24    having to do with your verdict.  The press might.  You
don't

    25    have to talk to them.  And it's best that you not talk
about

                                                    19

    1    what went on in the jury room.

    2        I would like to thank you personally.  So if y
ou'll

    3    just stay in the jury room for just one moment, I'll be

    4    right back there.

    5        The jury may retire.  I'll remain on the bench
.

    6        THE CLERK:  All rise for the jury.

    7        (Whereupon the jury left the courtroom.)

    8        THE COURT:  Please be seated.

        9            Bail is revoked.  Mr. Hernandez is remanded to
 the

        10    custody of the marshal.

        11            I propose sentencing for the 24th of October a
t

        12    2:00 p.m.  Is that satisfactory to the government?

        13            MR. TOBIN:  It is, your Honor.

        14            THE COURT:  And Mr. Horstmann, is that

        15    satisfactory?

        16            MR. HORSTMANN:  I think my wife just bought pl
ane

        17    tickets for that day.

        18            Yes, your Honor, I'll be out of state.

        19            THE COURT:  Out of state that day.

        20            THE CLERK:  October 18th.

        21            THE COURT:  How about the 18th at 2:00?

        22            MR. HORSTMANN:  That's fine, your Honor.

        23            THE COURT:  Satisfactory?

        24            MS. RUE:  Thank you, your Honor.

        25            THE COURT:  So ordered.  We'll recess.


                                                        20


        1            THE CLERK:  All rise.  Court is in recess.

        2            (Adjournment.)

3

4

5                    C E R T I F I C A T E

6

7

8            I, Donald E. Womack, Official Court Reporter f
or

9        the United States District Court for the District of

10       Massachusetts, do hereby certify that the foregoing pag
es

11       are a true and accurate transcription of my shorthand n
otes

12       taken in the aforementioned matter to the best of my sk
ill

13       and ability.

14

15

16

17

18            _____
                       DONALD E. WOMACK
19                   Official Court Reporter
                         P.O. Box 51062
20              Boston, Massachusetts 02205-1062
                     womack@megatran.com
21

22

23

24

25