UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.            ) | 04-CR-10319-WGY |
| NOEL HERNANDEZ   ) | |
| Defendant    ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR JUDGMENT OF ACQUITTAL AND/OR NEW TRIAL**

The United States of America, by and through its attorneys, asserts that defendant Noel Hernandez was properly convicted by an impartial jury after receiving a fair trial and proper instructions on the law. Accordingly, as more fully set forth below, the government opposes Defendant's motion for a new trial and/or for acquittal.

**A.    There was no constructive amendment or variance in this matter.**

A constructive amendment occurs when the court admits evidence regarding an offense that the grand jury did not charge. United States v. Fornia-Castillo, 408 F.3d 52, 66 (1st Cir. 2005) (quoting United States v. Dunn, 758 F.2d 30, 35 (1st Cir. 2005)).  It is well settled in the First Circuit that a variance occurs only "when the facts proved at trial are different than those alleged in the indictment." United States v. Green, 346 F.Supp.2d 259, 335 (D. Mass. 2004) (quoting United States v. Tormos-Vega, 959 F.2d 1103, 1115 (1st Cir. 1992)); see also Fornia-Castillo, 408 F.3d at 66 (holding variance "occurs when the charging terms remain unchanged but when the facts proved at trial are different from those in the indictment").

No constructive amendment or variance occurred in this case, and therefore Defendant's motion is without merit. No evidence was presented at the trial pertaining to any drug other than the drug presented in the indictment: heroin. No evidence was presented implicating Defendant

in any crimes other than those for which he was indicted: importation and conspiracy to import heroin.

Defendant asserts that "the Jury was left with an instruction on the substantive [importation] count that it could convict for an uncharged and unproven drug." Motion at p. 4. The government disputes this assertion. First, the Court's instructions to the jury on July 27, 2005, in context, clearly recant the instructions from July 26, 2005 regarding any reference to any other drug:

> Note the change from yesterday. Yesterday I mentioned another drug. Cocaine. Please strike that out. And the reason is obvious. There's no evidence about cocaine here. Don't start speculating about that. There's no evidence *in this case* about cocaine. There's not evidence *in this case* about any drug but heroin.

Exhibit 2, page 20, lines 10-15[1] (emphasis supplied). The twice-repeated phrase "in this case" manifests unambiguously that the instruction refers to the case as a whole, and not merely to the conspiracy charge. Moreover, the instruction that the Court was "chang[ing] from yesterday" had in fact related only to the importation count. The Court had specifically charged the jury in the earlier charge that:

> In order for there to be a conspiracy there has to be an agreement as I have already charged you, there has to be specific intent, a specific goal of the agreement. As the government has charged it here, the specific goal as they charged it is to import heroin. So that's got to be the deal. The government has to prove that his agreement was with one or more of these other folks to import heroin. Not any drug, heroin. As to the first question [importation], the answer is a little more complex. The government charged the importation of heroin. But when you look at the underlying statute, the law, it talks about the importation of any substance under Schedule I or II. Now, that's not any drugs. That's heroin or

---

[1] Defendants' exhibits have two modes of pagination: the internal pagination of the Court Reporter as well as the page numbers set forth in the footer to the document, spelled out as "Page x." The page numbers contained herein are the page numbers set forth in the footer.

cocaine. . . .

Exhibit I, page 18, line17 – page 19, line 3.  Therefore, given that the prior day's instructions regarding "heroin or cocaine" that the Court was correcting were clearly limited to "the first question" [i.e., importation], an interpretation that the correction related only to the conspiracy charge and not to the importation charge would be nonsensical.

Finally, all questions regarding how the instructions could have been interpreted are moot in this case, because this jury in its verdict unambiguously concluded that the defendant conspired to import, and imported, heroin.  The Court clearly instructed the jury,

> But if you have a reasonable doubt about whether he knew that it was heroin leave Question 3 blank.  We're not interested in quantities if there's a reasonable doubt that he knew that that's what it was.

Exhibit 2, page 22, lines 8-12.  Therefore, if the jury had doubt as to whether Hernandez knew that heroin was involved, they would have left the response to Question 3 blank.

The jury did not leave Question 3 blank.  Instead, the jury responded that the defendant was responsible for 874 grams.   Since the jury is presumed to follow the Court's instructions, Zafiro v. United States, 506 U.S. 534, 540 (1993), it must be concluded that the jury found beyond a reasonable doubt that Defendant knew that the substance at issue was heroin.  Since the jury clearly found beyond a reasonable doubt that Hernandez knew that the substance was heroin, the issues regarding the instructions, which applied only if the jury had doubt regarding whether Hernandez knew that the substance was heroin, are moot.  Accordingly, Defendant's motion should be denied.

### B.    The argument regarding United States v. Woods is moot.

Defendant asserts that United States v. Woods, 210 F.3d 70 (1st Cir. 2000) is inapplicable because Woods did not involve a manager or supervisor.  The government does not agree with

Defendant's analysis. However, as noted above, this issue is moot. The jury expressly found that Hernandez was responsible for 874 grams of heroin after receiving a judicial instruction not to make a finding regarding weight unless the jury found beyond a reasonable doubt that Hernandez knew the substance he was dealing in was heroin. Accordingly, the Woods issue – the question of whether or not the defendant had to know what the substance was – was resolved on a factual basis by the jury, mooting the legal question. Defendant's assertions regarding Woods therefore have no merit.

### C. The Judge was not required to give an instruction on "mere knowledge."

Even where a defendant's proposed instruction is proper, the court is not automatically required to present the instruction to the jury. See United States v. Rosario-Peralta, 199 F.3d 552, 567 (1st Cir. 1999). A judge's refusal to give a particular instruction is not reversible error unless "the requested instruction is substantially correct, was not substantially covered in the charge actually given, and covers an important point in the trial so that the failure to give it seriously impaired the defendant's ability to present a given defense." United States v. Nason, 9 F.3d 155, 161 (1st Cir. 1993) (citing United States v. Newton, 891 F.2d 944, 949 (1st Cir. 1989)). Additionally, the charge is appropriate only if sufficient evidence is produced at trial to support the defense. United States v. Rosario-Peralta, 1999 F.3d 552, 567 (1st Cir. 1999). Defendant did not object to the failure to give the "mere knowledge" instruction at the initial charging of the jury, and therefore, the failure to provide such instruction is reviewable only for plain error. Nason, 9 F.3d at 161.

Defendant cannot show error here, much less plain error. Nothing in the evidence, or even the defendant's arguments, presented at trial could lead a reasonable jury to conclude that Hernandez had "mere knowledge" of the conspiracy – that is, that he knew the plan to import

4

controlled substances but did not participate in it.  There was no evidence presented – or even theory postulated – from which the jury could have concluded that when Hernandez arrived at Logan Airport, he knew that Navarro and Mercedes were smuggling drugs, but that he himself was not involved in the conspiracy.  Either Defendant was a part of the conspiracy to import heroin, as the jury concluded beyond a reasonable doubt, and was present at the airport to pick up Navarro and Mercedes with their itinerary in his pocket, or he was not.  There was absolutely no evidence from which a rational jury could conclude that Hernandez, when he was at the airport, was aware of a conspiracy to import drugs, but not a part of the conspiracy.  Indeed, no reasonable jury could have found that Defendant was merely aware of the conspiracy but not himself a co-conspirator.  Accordingly, the Court properly declined to give an instruction regarding "mere knowledge."

### D.    The Court did not improperly comment on the evidence.

A "judge may explain, comment upon and incorporate the evidence into the instructions in order to assist the jury to understand it in light of the applicable legal principles." United States v. Rosario-Peralta, 199 F.3d 552, 567 (1st Cir. 1999) (quoting United States v. Maguire, 918 F.2d 254, 268 (1st Cir. 1990), which in turn cited Quercia v. United States, 289 U.S. 466, 469 (1933)).  The only limitations placed on the propriety of the judge's comments are that the judge not become a witness, mislead the jury, or distort or add to testimony and evidence presented at the trial.  See Rosario-Peralta, 199 F.3d at 567.  Within those broad parameters, "the trial judge may exercise her discretion in how to best assist the jury" in commenting upon the evidence.  Id.  The Court is expressly permitted to give a detailed "case-specific" instruction, if the Court concludes that that will best assist the jury.  Id.

Defendant argues that the judge improperly drew the jury's attention to a "meeting in New York" by commenting it in his conspiracy instructions. This assertion is without merit. The Court did not add to or distort the evidence at trial. The Court's comments properly noted that in determining whether Hernandez had conspired, the jury could consider an agreement with an "unnamed co-conspirator" and gave an example of an unnamed co-conspirator from the evidence: "if you believe a meeting in New York took place." Exhibit 2, page 21, lines 21-24. Far from bolstering the testimony about a meeting in New York, the Court's instruction specifically noted uncertainty about whether such a meeting had occurred. Accordingly, there is no basis for asserting that the Court's comments gave the contested evidence additional credibility. This portion of Defendant's motion must therefore be denied.

## Conclusion

Each of Defendant's asserted grounds for new trial and/or judgment of acquittal is without merit. Accordingly, the government respectfully urges the Court to deny Defendant's motion without hearing.

          Respectfully submitted,

          MICHAEL J. SULLIVAN
          United States Attorney

By:   /s/ Nancy Rue
      DAVID G. TOBIN
      NANCY RUE
      Assistant U.S. Attorneys