UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                    |   |                          |
|--------------------|---|--------------------------|
| UNITED STATES      | ) |                          |
|                    | ) | CASE NO. 04CR10319WGY    |
| v.                 | ) |                          |
|                    | ) |                          |
| NOEL HERNANDEZ     | ) |                          |

### DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE

NOW COMES the Defendant, Noel Hernandez, through counsel, and respectfully moves this Honorable Court for a downward departure from the otherwise applicable guideline range.[1] In support thereof, counsel states the following:

1.  Mr. Hernandez's role in this offense does not justify the "high end" sentence recommended by the Probation Department. In *United States v. Lara*, 47 F.3d 60, 66-67 (2nd Cir. 1995), the United States Court of Appeals for the Second Circuit recognized a departure where the defendant's role in a drug conspiracy was not adequately considered by the Sentencing Commission despite existing adjustments where the quantity of drugs substantially exceed the defendant's role.

2.  Mr. Hernandez's conviction constitutes "aberrant behavior" entitling him to a departure from the applicable sentencing guidelines. *United States v. Pozzy*, 902 F.2d 133, 137-138 (1st Cir. 1990); citing *United States v. Russell*, 870 F.2d 18 (1st Cir. 1989).

3.  A combination of the above factors may constitute a separate basis for departure. *Koon v. United States*, 518 U.S. 81, 113-14 (1996); *United States v. Sklar*, 920 F.2d 107, 117 (1st Cir. 1990).

---

[1] It is not clear to the undersigned counsel, in light of *Booker v. United States*, 543 U.S. ____ (2005); 125 S.Ct. 738, whether a formal Motion for Downward Departure is still required given the advisory status of the Guidelines. However, in an abundance of caution and for the purpose of notifying the Government of intended sentencing arguments, I am filing the instant motion on behalf of Mr. Hernandez.

4. The Defendant will supplement the instant motion in his Sentencing Memorandum, which will be filed at a later date.

WHEREFORE, based upon the foregoing arguments and authorities, this Honorable Court is respectfully urged to depart downward from any sentence determined under the Sentencing Guidelines.

                Respectfully submitted,

                Peter Charles Horstmann, Esquire
                BBO #556377
                PARTRIDGE, ANKNER & HORSTMANN, LLP
                200 Berkeley Street, 16th Floor
                Boston, Massachusetts 02116
                (617) 859-9999

**CERTIFICATE OF SERVICE**

I, Peter Charles Horstmann, Esquire, hereby certify that on this 3rd day of October, 2005, a copy of the foregoing DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE was served electronically upon Nancy Rue, Assistant United States Attorney, United States Attorney's Office, One Courthouse Way, Suite 9200, Boston, MA 02210 and David Tobin, Assistant United States Attorney, United States Attorney's Office, One Courthouse Way, Suite 9200, Boston, MA 02210.

Peter Charles Horstmann