UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
UNITED STATES            )
                         )
v.                       )
                         )
                         )   Criminal No.: 04 CR 10319 WGY
Noel Hernandez,          )
                         )
     Defendant.          )
_____)

## DEFENDANT'S SENTENCING MEMORANDUM

NOW COMES the Defendant, Noel Hernandez, through counsel, and hereby submits the instant Sentencing Memorandum.

### I. STANDARD OF REVIEW

In *United States v. Booker*, 125 S.Ct. 738, 756, 764-65 (2005), the United States Supreme Court held that the Sentencing Guidelines, which have controlled sentencing in federal court for the last eighteen years, are unconstitutional, but severed the unconstitutional portion of the Sentencing Guidelines from the Federal Sentencing Act thereby rendering the Sentencing Guidelines as advisory. In *Booker*, Justice Breyer concluded that "[w]ithout the mandatory provision, the Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals." Id. at 764 *citing* 18 U.S.CA. § 3553(a)(supp. 2004). Therefore, the mandatory application of the Guidelines is error if based on judge-found facts, or if based on jury-found facts. *United States v. Crosby*, 397 F.3d 103, 114-15 (2nd Cir. 2005).

In a recent case, Judge O'Toole interpreted *Booker* as requiring a sentencing judge to consider all of the § 3553(a) factors including the Guidelines, but did not require the Court to give any more or less weight to the Guidelines than any other factors. Judge O'Toole referred to the "parsimony principle", the statutory instruction in § 3553(a) that

the Court impose a sentence which is "sufficient, but not greater than necessary" to accomplish sentencing purposes.

The Defendant has previously moved this Court for a downward departure from the Sentencing Guidelines based upon several issues. The instant memorandum addresses some of these issues and relies upon the authorities cited in his Motion as to all issues raised. However, it is respectfully submitted that any departure argument which does not meet the previous Guideline standards, may be further considered by the Court in imposing a sentence under § 3553(a).

## II.     ARGUMENT

**A.     INTRODUCTION**

It is in this vast ocean of sentencing uncertainty that the Defendant's conviction now drifts. However, every sentencing factor other than the disputed Guideline calculation adopted by Probation mitigates in favor of leniency for the Defendant. The Defendant has no criminal history, has a lengthy history of legitimate employment in this country and is a good supportive father to his children. There is nothing in the Defendant's history, which suggests that he supported himself in any way with the proceeds of illegal narcotics importation or that his conduct was anything but an aberration.

**B.     THE DEFENDANT'S PROPOSED GUIDELINE SENTENCE WHEN COMPARED WITH HIS ROLE AND THE SENTENCE IMPOSED UPON HIS CODEFENDANTS IS OUTSIDE THE HEARTLAND AND WARRANTS A DEPARTURE**

Indeed, a factor to be considered under both the Guidelines and § 3553(a)(6) is the need to avoid unwarranted sentence disparities. Here, the disparity between the Defendant's proposed Guideline sentence and that of his codefendants is dramatic. The

PSR recommends a minimum sentence of 151 months pursuant to the Federal Sentencing Guidelines.  The Defendant was charged along with two codefendants, who were caught attempting to smuggle over 800 grams of heroin into the United States in their intestines.  The codefendants agreed to testify for the Government and have been sentenced to minimal terms of imprisonment of less than twenty-four months.  This disparity is shocking when the codefendants were responsible for the exact same quantity as the Defendant.  In fact, it is likely that one of the codefendants, Francisco Navarro, was responsible for additional quantities based upon his prior suspicious trips to New York and Caesar Mercedes' testimony that Navarro told him that he had previously smuggled drugs.  Moreover, the Defendant did not grow, cultivate, or otherwise process the heroin.  All he did based upon the credible evidence was to pick his codefendants up at the airport after making some travel arrangements for them to ingest the heroin in the Dominican Republic.  There were clearly other more culpable individuals involved in this crime who remain at large.   Even assuming the truth of Navarro's testimony regarding the Defendant's role, the Defendant can only be viewed as a midlevel participant in a vast heroin importation scheme.  On the contrary, it is more likely based upon Navarro's unilateral change in travel arrangements and Mercedes' testimony that Navarro had smuggled drugs before, that Navarro and the Defendant were partners.  See *United States v. Thurston*, No. 98-cr-10026-MLW (D.Mass) Statement of Reasons June 17, 2005

(imposing sentence of three months where Guideline range was 63-78 months to avoid unwarranted disparity with codefendant and promote respect for law).

C. **THE DEFENDANT'S ROLE IS LESS SERIOUS THAN CONTEMPLATED BY THE SENTENCING GUIDELINES**

The Defendant's role in this offense as determined by his presence at the airport was to pick up his codefendants. Yet his proposed sentence is based upon the alleged orchestration of the importation itself. In order to sentence the Defendant as the PSR recommends, the Court must not only believe the testimony of Francisco Navarro, but exceed the mandatory minimum sentence for the next highest quantity of heroin under the mandatory sentence scheme in Title 21 U.S.C. § 841.

In *United States v. Lara*, 47 F.3d 60, 66-67 (2nd Cir. 1995), the Second Circuit recognized a departure where the defendant's role in a drug conspiracy was not adequately considered by the Sentencing Commission despite existing adjustments for role. That is particularly true here where the Defendant will receive a role increase.

Indeed, it is more likely that the mandatory minimum sentence of five years for the Defendant's conviction shows the true intent of Congress with respect to the Defendant's conduct. The quantity found by the jury is squarely between the five year and ten year mandatory terms. *See* 18 U.S.C. § 841(b)(1)(A)(i) and (B)(i). Therefore, it is illogical to conclude that a sentence of over ten years, as suggested by the PSR, is what Congress intended for a conviction for a quantity of drugs that was less than the mandatory ten year amount. It is far more likely that the Sentencing Commission exceeded its mandate in creating a sentencing scheme, which exceeded the mandatory-minimum sentences established by Congress. Moreover, there is nothing in the facts of this case, whether found by the jury or not, which justify the Defendant's sentence being equated with or

exceeding the mandatory minimum sentencing for the more serious crime of importing a kilogram of heroin.

**D.     THE OFFENSE OF CONVICTION CONSTITUTES ABERRANT BEHAVIOR**

The Defendant has no prior criminal record, has an excellent work history and is a good father and provider for his children.  There is no evidence to suggest that the Defendant has engaged in the drug business previously.  The entire drug importation enterprise from start to finish reveals the amateurish nature of the crime.  For example, the Defendant used his own cell phone, purchased tickets and sent money orders without concealing his identity.  Given this obvious lack of sophistication and the lack of any criminal record the conduct can only be described as aberrant.  See *United States v. Pozzy*, 902 F.2d 113, 137-38 (1st Cir. 1990); citing *United States v. Russell*, 870 F.2d 18 (1st Cir. 1989).

**E.     THE PROPOSED SENTENCE ENHANCEMENT FOR THE DEFENDANT'S SUPERVISORY ROLE WOULD VIOLATE HIS DUE PROCESS RIGHTS**

The Indictment in this case placed the Defendant on notice that the Government would seek a two-level upward adjustment for supervising less than five individuals.  This very fact was found by the jury over the Defendant's objections.  To now ask this Court to impose a sentence based upon supervising more than five individuals deprives the Defendant of his due process right to notice and violates his double jeopardy rights, where he has already been tried for his role in the offense.  In *Jones v. United States*, 526 U.S. 227 (1999), the Supreme Court held that any fact which increases a sentence must be

5

charged in the indictment. The indictment in this case did not include any notice of the enhancement sought by the PSR. To sentence the Defendant based upon an uncharged enhancement fact would violate *Jones* and the Defendant's constitutional rights.

F.     **FAMILY CIRCUMSTANCES NECESSITATE A REDUCED SENTENCE**

The final PSR at paragraphs 74 and 74(a) raises an issue not previously considered or raised by the Draft PSR regarding the Defendant's family circumstances. Based upon the facts set forth in the PSR it appears that the Defendant was a good provider for his young children and given their mother's disability, the children will suffer needlessly as a result of the Defendant's incarceration. A reduced sentence would minimize the harm to the Defendant's children.

G.     **A COMBINATION OF THE FORGOING FACTORS JUSTIFIES A REDUCED SENTENCE**

It is respectfully submitted that a combination of any of the foregoing factors may constitute a separate basis for departure. *Koon v. United States*, 518 U.S. 81, 113-114 (1996); *United States v. Sklar*, 920 F.2d 107, 117 (1st Cir. 1990).

### III. CONCLUSION

Based upon the foregoing arguments and authorities this Honorable Court is respectfully urged to impose a sentence of 60-72. The Defendant also requests a judicial recommendation to Fort Devins to allow for reasonable visitation with his family and children.

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley Street, 16th Floor
Boston, Massachusetts 02116
(617) 859-9999

### CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 14th day of October, 2005, a copy of the foregoing DEFENDANT'S SENTENCING MEMORANDUM was served electronically upon Nancy Rue and David Tobin, Assistant United States Attorneys, United States Attorneys Office, One Courthouse Way, Suite 9200, Boston, MA 02210.

Peter Charles Horstmann, Esquire